648 A.2d 121

William Neil **FEILKE**, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION
AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 1994.

Decided Sept. 13, 1994.

John E. Kravitz, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before SMITH and KELLEY, Judges, and KELTON, Senior Judge.

SMITH, Judge.

William Feilke petitions for review of a decision of the Pennsylvania Board of Probation and Parole denying his request for administrative relief from a decision determining that he was not entitled to presentence credit for time served in a Pennsylvania prison. The issue presented to this Court is whether the Board erred by altering the sentence imposed by the sentencing judge when there was no state parole violation outstanding.

Feilke was paroled on October 24, 1983 from concurrent sentences for burglary and theft-related crimes in Montgomery and Bucks counties. While still on parole, he was arrested for robbery and related charges on February 8, 1984 and posted bail on June 1, 1984. The Board lifted its detainer after Feilke's original maximum term on his original sentence expired and he was released from custody on July 9, 1984. On November 15, 1984, Feilke was arrested in South Carolina for receiving stolen goods and was convicted and sentenced on January 28, 1985 to 17 years in prison.

Feilke was returned to Pennsylvania on July 11, 1985 for trial pursuant to the Interstate Agreement on Detainers, 42 Pa.C.S. §§ 9101–9108; on October 21, 1985, he pled guilty to robbery, aggravated assault and burglary, and his bail was revoked. On January 29, 1986, Feilke was sentenced on the robbery conviction and ordered by the sentencing judge to serve a term of 8 to 20 years "effective December 10, 1984" to run concurrently with the South Carolina sentence; Feilke was returned to South Carolina on February 27, 1986. Thereafter, the Board recommitted Feilke as a convicted parole violator and notified the Department of Corrections that he was entitled to a credit of 6 years, 11 months and 5 days on his robbery sentence for time spent in custody before and after sentencing.

The Board did not give Feilke credit for the period from December 10, 1984 to January 28, 1986 as he was either confined on the South Carolina sentence, had posted bail on the Pennsylvania charge, or remained in South Carolina custody. The record demonstrates that Feilke was in fact given credit on the robbery sentence for time spent in custody from January 29, the date of sentencing, to February 27, 1986, the date of his return to South Carolina. Feilke challenged the Board's calculation but the Board denied his administrative appeal. In his appeal to this Court, Feilke argues that although the Board has authority to impose additional time for state parole violations, it had no authority to alter a sentence imposed by the sentencing judge. Moreover, only the sentencing judge has the authority to sentence defendants in criminal proceedings and since the judge intended to allow Feilke a 14½ months credit on his sentence, the Board erred by refusing to give Feilke credit for the period December 10, 1984 to February 27, 1986. The only period in question however is from December 10, 1984 to January 28, 1986, or approximately 13½ months.[1]

1. This Court's scope of review is limited to determining whether the Board's decision is in accordance with the law, the necessary factual findings are supported by substantial evidence and whether constitutional rights were violated. Section 704 of the Administrative Agency

■ Generally, when a defendant enters a guilty plea, the judge who receives the plea imposes the sentence. Pa. R.Crim.P. 1401; *Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980). When the defendant is already serving a sentence on another offense at the time a new sentence is imposed, the new sentence shall commence from the date the new sentence is imposed or upon expiration of the prior sentence. Pa.R.Crim.P. 1406(c). However, the Board and not the sentencing court must determine how custody credit shall be applied when a sentence is imposed for a crime committed during the period a defendant is on parole. *Commonwealth v. Bigley*, 231 Pa.Superior Ct. 492, 331 A.2d 802 (1974). *See also Doria v. Pennsylvania Department of Corrections*, 158 Pa.Commonwealth Ct. 59, 630 A.2d 980 (1993).

■ While a parolee is entitled to credit for time spent in custody as a result of the criminal charge for which the sentence is imposed, credit is not given for a commitment by reason of a separate offense. *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa.Superior Ct. 443, 217 A.2d 772 (1966). It is well settled that presentence custody time credit cannot be earned against charges pending in other counties or states. *See Doria; Bleecher.* Additionally, under Section 9101, Art. V(g) of the Interstate Agreement on Detainers, "[f]or all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state...."

■ In the matter sub judice, the sentencing judge ordered that Feilke's sentence would commence effective December 10, 1984 instead of the date of sentencing or upon expiration of the South Carolina sentence. Feilke contends however that the effective date of the robbery sentence was based upon a plea bargain entered into between Feilke and the Commonwealth which should be honored by the Board and asserts that as a matter of public policy, the Board should not be permitted

Law, 2 Pa.C.S. § 704; *McMahon v. Pennsylvania Board of Probation and Parole*, 125 Pa.Commonwealth Ct. 586, 559 A.2d 595 (1989).

to alter agreements made by defendants and assistant district attorneys.

In *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976), a plea bargain negotiated between the defendant and the Commonwealth was premised upon the Commonwealth's promise to recommend a sentence of 7 to 15 years and to join in a request to the Board of Parole that the new sentence run concurrently with the defendant's backtime of 4½ years. The terms were stated on the record and accepted by the court at sentencing. The Commonwealth later contended in post-conviction appeal proceedings that at the time of sentencing, neither the court nor the Parole Board was statutorily authorized to re-parole a convicted parole violator at any time from a "backtime sentence" and in essence that the plea was based upon a false promise.

The Supreme Court held in *Zuber* that the defendant was entitled to the benefit of his bargain with the Commonwealth where the record clearly reflected the terms of his plea agreement and established that his guilty plea was based upon the Commonwealth's promise to request the Board to allow the new sentence to run concurrently with the backtime he was required to serve. Noting that the practice of plea bargaining is looked upon with favor, the Supreme Court stated that courts must afford the benefit of the plea bargain where it has been voluntarily entered into and later violated by the Commonwealth.[2]

Here, the Board's records contain a reference to the negotiated sentence but do not reflect the full terms of the plea bargain between Feilke and the Commonwealth, whether the plea bargain was stated in open court and is contained on the record of the sentencing proceedings, and whether all terms of the bargain were accepted by the sentencing judge on January 29, 1986. Since the record is incomplete on this aspect of the case, a remand to the Board is required to determine the exact terms of the plea bargain, whether it is contained on the

___

**2.** *See also Commonwealth v. Spence,* 534 Pa. 233, 627 A.2d 1176 (1993) (the Commonwealth is required to abide by terms of a plea bargain where contained of record).

record, and whether the order of the sentencing court must be honored and Feilke given the benefit of his plea bargain. For this reason, the Board's order is vacated and this case is remanded to the Board.

## ORDER

AND NOW, this 13th day of September, 1994, the order of the Pennsylvania Board of Probation and Parole is vacated and this case is remanded to the Board for the purposes stated in the foregoing opinion.

Jurisdiction relinquished.