**Robert BROWN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1996.

Decided Dec. 20, 1996.

Raymond D. Roberts, Assistant Public Defender, Norristown, for petitioner.

Clifford D. Swift, III, Assistant Counsel, Camp Hill, for respondent.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Before this Court, in its original jurisdiction, are preliminary objections by the Commonwealth of Pennsylvania, Department of Corrections, to a petition for review filed by Robert Brown. Brown filed a petition for review in the nature of mandamus seeking an order to compel the Department to honor the sentencing order of the Court of Common Pleas of Montgomery County which effective-

ly ordered Brown to serve a Montgomery County sentence concurrently with two Bucks County sentences.

The relevant facts, as alleged in the pleadings of Brown and the Department, follow. On June 23, 1994, Judge Isaac S. Garb of the Court of Common Pleas of Bucks County sentenced Brown to state incarceration for two concurrent terms of four to ten years. The Department gave Brown commitment credit on these two sentences for the time spent in jail prior to sentencing, that is, January 8, 1994 to June 23, 1994.

On August 9, 1994, Judge Lawrence A. Brown of the Court of Common Pleas of Montgomery County sentenced Brown for a term of two to five years pursuant to a plea agreement. Judge Brown ordered commitment on this sentence to run from September 10, 1993. The Department, however, only granted Brown commitment credit on the Montgomery County sentence for the time period of September 23, 1993 to January 8, 1994. The Department stated that Pennsylvania law precluded the Department from applying credit to the Montgomery County sentence after January 8, 1994 because that was the date that Brown began to serve his Bucks County sentence; succinctly stated, in Pennsylvania you cannot get duplicate credit for the same jail time.

Thereafter, Brown filed a petition for review with this Court seeking an order compelling the Department to honor the sentencing order of the Court of Common Pleas of Montgomery County which directs the Department to commence Brown's Montgomery County sentence on September 23, 1993. Essentially, this sentencing order directs Brown to serve the Montgomery County and Bucks County sentences concurrently. Brown contends that he is entitled to such an arrangement pursuant to a negotiated plea agreement with the District Attorney of Montgomery County.

The Department then filed the instant preliminary objections in the form of a demurrer [1] to the petition.[2] The Department maintains that the Montgomery County sentencing order is void under Pennsylvania law, and, therefore, the Department cannot be compelled to follow it.

Initially, we note that mandamus is an extraordinary writ through which a court compels a public official, board or municipality to perform a mandatory duty or ministerial act. *Wilder v. Department of Corrections,* 673 A.2d 30 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 545 Pa. 673, 681 A.2d 1344 (1996). Mandamus is only appropriate where (1) the petitioner has a clear legal right to enforce the performance of the act, (2) the defendant has a corresponding duty to perform the act, *i.e.,* the act involves no discretion by the defendant, and (3) the petitioner has no other adequate or appropriate remedy. *Id.*

We recently addressed the precise issue presented in the instant case in *Doxsey.* In that case, the petitioner, in 1990, was serving a sentence in the state of Maryland. On October 2, 1990, the Commonwealth of Pennsylvania lodged a detainer against him for a sexual offense, and sentenced him on August 26, 1991 to a five- to ten-year term in Pennsylvania. The sentencing judge ordered that his sentence run concurrently with the Maryland sentence with credit for time served as of October 2, 1990, the date the detainer was lodged by Pennsylvania. Subsequently, the Department refused to credit him for the time served. As a result, the petitioner filed a mandamus action in this Court, requesting an order compelling the Department to give him credit for the time served. The petitioner alleged that he was entitled to this credit pursuant to a plea agreement. The Department then filed a preliminary objection in the form of a demurrer.

In addressing the issue, we stated:

It is clear that under [Pa. R.Crim. P. 1406(c)] a sentencing judge cannot direct

---

1. "A demurrer may only be sustained when on the face of the complaint the law will not permit recovery." *Doxsey v. Pennsylvania Bureau of Corrections,* 674 A.2d 1173, 1174 (Pa.Cmwlth. 1996). For the purpose of determining whether a demurrer should be sustained, we accept as true all well-pled allegations. *Id.*

2. The Department also contended by way of preliminary objection that due to defective service, this Court lacks personal jurisdiction over it. However, the Department indicated at oral argument that this basis for preliminary objection has been withdrawn. Accordingly, we need not address it.

that a sentence commence on a date prior to the date of sentencing when the defendant is serving time on an unrelated charge.... [The Department] relies on this rule in refusing to honor the sentencing judge's order. The question we must decide is whether, when a sentencing judge issues a clearly illegal order, mandamus will lie against the Department of Corrections to compel it to honor that order.

*Doxsey*, 674 A.2d at 1175 (citations omitted). We then held that mandamus was not appropriate in that case, explaining:

Mandamus will lie where there exists a right on behalf of the party seeking relief in mandamus. Thus, a writ of mandamus can be used to compel the Department of Corrections to compute *properly* a prisoner's prison sentence. No one, however, has a right and this Court, indeed, lacks the authority to compel an illegal act. Because [R]ule 1406(c) makes it clear that the judge was precluded from ordering and, consequently, that [the Department] is precluded from applying, credit for the period of imprisonment for a second or subsequent conviction if the individual is already in prison under a sentence imposed for other offenses, mandamus will not lie against [the Department] to compel it to abide by the sentencing order.

*Id.* (emphasis in original) (footnote omitted).[3]

We further noted that the petitioner was not without recourse as he could seek relief from the sentencing court.[4]

█ In the instant case, Brown has requested this Court to compel the Department to give credit against Brown's Montgomery County sentence for the time period after January 8, 1994. However, because that date was the effective date of his Bucks County sentence, under Pa. R.Crim. P. 1406(c), as well as our specific holdings in *Doxsey* and *Jones*, this Court may not grant Brown the relief he has requested.

We do not hold that Brown may not seek relief in the sentencing court for an alleged

---

**3.** We also addressed this issue in *Jones v. Department of Corrections*, 683 A.2d 340 (Pa.Cmwlth. 1996), a case with virtually identical facts as in the instant appeal. In that case, the Court of Common Pleas of Philadelphia County, in November of 1981, sentenced Jones to a term of eight to twenty years. While serving that sentence, Jones escaped from prison and, while an escapee at large, committed a robbery. On April 20, 1988, Jones pled guilty to robbery as well as to escape from furlough. On that same date, the court sentenced Jones for two eight-to twenty-year sentences to be served concurrently with credit for time served from November 10, 1987 to April 21, 1988.

Subsequently, the Department noticed that the precommitment credit for the time served was contrary to Pa. R.Crim. P. 1406(c) and, therefore, sent a letter to the sentencing judge who thereafter issue a modified commitment form. Under the modified form, Jones received credit for time served from April 20, 1988 to November 12, 1991 only (the period of time from the date of sentencing to the date of the modification of his sentence).

·Jones, like the petitioner in *Doxsey*, then filed a petition for review with this Court requesting an order which requires the Department to give him credit for the precommitment time served during the period of November 10, 1987 to April 21, 1998 alleging that it was part of his plea agreement.

We determined that our holding in *Doxsey* controlled and, therefore, we sustained the Department's preliminary objection and dismissed Jones' petition.

**4.** For example, in *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976), our Supreme Court sustained a prisoner's postconviction appeal, holding that he was entitled to the benefit of the bargain under a plea agreement in which the Commonwealth promised to recommend to the Board of Parole that the prisoner's sentence run concurrently with his "back time" owed.

Also, in *Feilke v. Pennsylvania Board of Probation and Parole*, 167 Pa.Cmwlth. 381, 648 A.2d 121 (1994), the sentencing judge ran the prisoner's Pennsylvania sentence concurrently with his South Carolina sentence. The Board of Probation and Parole, however, refused to credit the prisoner's Pennsylvania sentence for the time in which he was either confined on the South Carolina sentence, had posted bail on the Pennsylvania charge or remained in South Carolina custody. Feilke challenged the Board's calculation arguing that he was entitled to the commitment credit, notwithstanding the fact that Pennsylvania law precludes this relief, pursuant to a plea agreement. The Board denied his administrative appeal. Thereafter, he appealed to this Court which vacated the order of the Board and remanded the matter for the purpose of determining the exact terms of the plea agreement.

The procedural posture of *Feilke* and *Zuber* distinguishes those cases from the instant one. Specifically, neither *Zuber* nor *Feilke* involve a request for relief in mandamus against the Department of Corrections.

violation of his plea agreement but rather, we hold only *that he may not seek this relief in mandamus against the Department of Corrections.*

Accordingly, we sustain the Department's preliminary objection and we dismiss Brown's petition for review.

### ORDER

AND NOW, December 20, 1996, the petition for review in the above-captioned matter is hereby dismissed and the preliminary objection of the Department of Corrections in the nature of a demurrer is sustained.