IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Jaquel Hill,                    :
                    Petitioner         :
                                       :
          v.                           :
                                       :
Pennsylvania Parole Board,             :    No. 134 C.D. 2023
                    Respondent         :    Submitted: November 9, 2023


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                        FILED: December 20, 2023


          Samuel Jaquel Hill (Hill), through counsel, petitions for review of the
January 27, 2023 order of the Pennsylvania Parole Board (Board) denying his
administrative challenge to the computation of his parole violation maximum date.
Upon review, we vacate the Board's order and remand this matter to the Board for
further proceedings.


                              **I. Background**

          Hill was released on parole on December 1, 2014. Certified Record
(C.R.) at 7. Several years later, Hill was arrested and convicted of a drug-related
crime. *Id.* at 22, 27, 29, 35, 44. Hill was eventually re-paroled. *Id.* at 128. In
October 2019, Hill incurred criminal charges stemming from the unlawful

possession of a firearm in Berks County. *Id.* at 66-70. On November 14, 2019, bail was set, which Hill did not post. *Id.* at 122. On August 26, 2021, Hill entered a guilty plea pursuant to a plea agreement and was sentenced to 11.5 to 23 months' imprisonment. *Id.* at 112, 116-17 & 122. The following month, Hill was released on parole. C.R. at 127. In January 2022, the Board recommitted Hill as a convicted parole violator, denying him credit for time spent at liberty on parole and establishing a parole violation maximum date of August 19, 2028. *Id.* at 131-32.

In February 2022, Hill submitted an administrative remedies form challenging the Board's allocation of pre-sentence confinement credit and the Board's denial of credit for time spent at liberty on parole. C.R. at 134. On January 27, 2023, the Board denied Hill's challenge,[1] explaining:

> The Prisons and Parole Code[ (Parole Code), 61 Pa.C.S. §§ 101-7301,] provides that convicted parole violators who are paroled from a state correctional institution and then receive a county sentence of confinement on their new charges will not become available to commence service of the original sentence until parole from, or completion of the county sentence.[2] In this case[,]

---

[1] The Board stated that it deemed Hill's administrative remedies form a petition for administrative review from its January 2022 decision. C.R. at 139.

[2] The Board presumably references Section 6138(a)(5) of the Parole Code, which provides:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

2

> September 8, 2021 is his effective date of return because that is when he was paroled from his Berks County conviction. Adding 2537 days to that date yields a new maximum date of August 19, 2028.

C.R. at 140.

Hill petitioned this Court for review.

## II. Issues

Before this Court,[3] Hill argues that the Board erroneously computed his parole violation maximum date by applying 651 days of pre-sentence confinement credit[4] to his new county sentence in contravention of a plea agreement stipulating that the Board would credit only 367 days against the new sentence, with the remaining 284 days applied to his original sentence. Hill's Br. at 13. Hill asserts that the Board should have adhered to the terms of the plea agreement, because the stipulation was "accepted and documented in the sentencing order," he provided testimony under oath regarding the terms thereof at the parole revocation hearing,

---

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5).

[3] Our scope of review of a decision of the Board denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[4] Hill identifies the disputed 651-day period as ranging from November 14, 2019, when bail was set in Berks County, to August 26, 2021, the date of sentencing. Hill's Br. at 9; *see also* C.R. at 122.

and the Board did not challenge this testimony. *Id.* at 22. Further, Hill maintains that the plea agreement does not violate the Parole Code, as that statute "does not dictate the allocation of confinement credit." *Id.* at 23. Thus, Hill requests that this Court remand the matter to the Board to recompute his parole violation maximum date in accordance with the terms of the plea agreement. *See id.* at 26.

The Board counters that it correctly allocated Hill's backtime and confinement credit. Board's Br. at 7-10. The Board contends that "[w]hile Hill may . . . have entered a plea deal that included 367 days of confinement time at his new docket, . . . [r]eallocating credit based on Hill's belief that he thought more credit would be going to his backtime at the time of sentencing at his new charges would necessarily contradict the well-established rulings in *Gaito* [*v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980),] and *Smith* [*v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759 (Pa. 2017)]." *Id.* at 9-10. Further, the Board maintains that "[u]nlike the facts in *Feilke* [*v. Pennsylvania Board of Proation & Parole*, 648 A.2d 121 (Pa. Cmwlth. 1994)], here we have a clear record of the negotiated plea and the intention of the court is not in dispute, as the sentencing order speaks for itself." *Id.* at 10. Thus, the Board maintains that "Hill is not entitled to additional credit which would necessarily contradict long established caselaw simply because he believed he was getting a better deal at his new conviction." *Id.* at 10.[5]

---

[5] The Board further asserts that this Court should deem meritless Hill's argument that the Board failed to provide, contemporaneously to its decision to recommit, adequate reasons for denying him credit for time at liberty on parole. Board's Br. at 11-12. However, Hill stated in his appellate brief that "[h]aving had an opportunity to review the previously unavailable hearing examiner's report, [he] withdraws his issue that the decision to forfeit street time was not made contemporaneous with that report." Hill's Br. at 6.

## III. Discussion

Pennsylvania Rule of Criminal Procedure 590(B) provides, in pertinent part:

> (1) At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.

> (2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590(B)(1), (2). Our Supreme Court has explained:

> While it is true that the practice of plea bargaining is looked upon with favor, the integrity of our judicial process demands that certain safeguards be stringently adhered to so that the resultant plea as entered by a defendant and accepted by the trial court will always be one made voluntarily and knowingly, with a full understanding of the consequences to follow.

*Commonwealth v. Zuber*, 353 A.2d 441, 443 (Pa. 1976) (citations omitted).

In *Feilke*, a parolee (Feilke) posted bail following his arrest on new criminal charges. 648 A.2d at 122. The original maximum term on Feilke's sentence thereafter expired, and he was released from custody. *Id.* Several months later, Feilke was arrested in South Carolina and was subsequently convicted and sentenced

on the new criminal charges. *Id.* Feilke was then returned to Pennsylvania, where he pled guilty to the criminal charges incurred while on parole, and his bail was revoked. *Id.* Soon after, Feilke was returned to South Carolina. *Id.*

The Board denied Feilke credit against his subsequent Pennsylvania carceral sentence for a 13.5-month period of pre-sentence confinement, as he was either confined on a sentence in another state, had posted bail on the Pennsylvania charge, or remained in out-of-state custody. *Feilke*, 648 A.2d at 122. Feilke challenged this denial as violative of an alleged plea bargain between Feilke and the Commonwealth, which fixed the date on which service of the subsequent Pennsylvania sentence would commence. *Id.* at 122.

Before this Court, Feilke argued that, as a matter of public policy, the Board should not be permitted to alter plea agreements between defendants and assistant district attorneys. *Id.* at 123. We acknowledged that "the Board and not the sentencing court must determine how custody credit shall be applied when a sentence is imposed for a crime committed during the period a defendant is on parole." *Id.* at 123. However, we reasoned:

> [T]he Board's records contain a reference to the negotiated sentence but do not reflect the full terms of the plea bargain between Feilke and the Commonwealth, whether the plea bargain was stated in open court and is contained on the record of the sentencing proceedings, and whether all terms of the bargain were accepted by the sentencing judge . . . . Since the record is incomplete on this aspect of the case, a remand to the Board is required to determine the exact terms of the plea bargain, whether it is contained on the record, and whether the order of the sentencing court must be honored and Feilke given the benefit of his plea bargain. For this reason, the Board's order is vacated and this case is remanded to the Board.

6

*Feilke*, 648 A.2d at 123-24.

Here, the August 26, 2021 sentencing order states that "[p]er stipulation, it is ordered that [Hill] is to receive credit of **367** days['] time served[.]" C.R. at 116. Hill testified at the November 29, 2021 parole revocation hearing that pursuant to his "negotiated plea," 367 days of time spent in pre-sentence confinement would be applied against his "new sentence," with the remaining time credited as "backtime" against his original sentence. *Id.* at 83-84. However, we disagree with the Board's assertion that the record concerning the plea agreement is clear. Rather, as in *Feilke*, "the full terms of the plea bargain . . . , whether the plea bargain was stated in open court and is contained on the record of the sentencing proceedings, and whether all terms of the bargain were accepted by the sentencing judge" is not evident from the record. *Feilke*, 648 A.2d at 123-24.

Accordingly, in accordance with *Feilke*, we vacate the Board's January 27, 2023 order and remand the matter to the Board "to determine the exact terms of the plea bargain, whether it is contained on the record, and whether the order of the sentencing court must be honored and [Hill] given the benefit of his plea bargain." 648 A.2d at 124.

## IV. Conclusion

For the foregoing reasons, we vacate the Board's January 27, 2023 order and remand this matter to the Board for further proceedings consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Jaquel Hill,  :
                 Petitioner  :
                                   :
        v.  :
                                     :
Pennsylvania Parole Board,  :   No. 134 C.D. 2023
                 Respondent  :

## O R D E R

AND NOW, this 20th day of December 2023, the January 27, 2023 order of the Pennsylvania Parole Board (Board) is VACATED, and this matter is remanded to the Board for further proceedings in accordance with the foregoing opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge