630 A.2d 980

**Edward DORIA, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, RECORDS DEPARTMENT, Pennsylvania Board of Probation and Parole, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 1993.

Decided Aug. 19, 1993.

Edward Doria, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondents.

Before CRAIG, President Judge, and McGINLEY and PELLEGRINI, JJ.

CRAIG, President Judge.

The petitioner, Edward Doria, an inmate at the State Correctional Institution at Dallas, seeks to compel the respondents, the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole, to recalculate the allocation of the credit he earned for his time spent in the Chester County Prison before being sentenced in Delaware County. This matter has come before us in our original jurisdiction as a proceeding to obtain a writ of mandamus. Doria asks that we grant his petition on the pleadings. We grant Doria partial judgment on the pleadings, but we also grant the respondents' petition for judgment on the pleadings to dismiss the remainder of Doria's petition.

The facts of this case, as revealed in the parties' pleadings, indicate the following.

May 27, 1987: While on parole from concurrent sentences of 3 to 10 years, Doria was arrested in Chester County on criminal charges.

July 10, 1987: Authorities in Delaware County lodged a detainer against Doria in the Chester County Prison because of new criminal charges.

September 1, 1987: Authorities in Bucks County lodged a detainer against Doria in the Chester County Prison because of new criminal charges.

December 20, 1989: Doria was convicted on the Delaware County charges in the Delaware County Court of Common Pleas and sentenced to serve 3½ to 10 years.

February 12, 1990: Doria was convicted on the Bucks County charges in the Bucks County Court of Common Pleas and sentenced to serve 3 years and 3 months to 10 years concurrently with the Delaware County sentence.

July 12, 1990: Doria was convicted on the Chester County charges in the Chester County Court of Common Pleas and sentenced to serve 4 to 10 years concurrently with the Delaware and Bucks County sentences.

September 10, 1990: Doria was transferred from the Chester County Prison to the State Correctional Institution at Graterford. (Later, Doria was moved to the State Correctional Institution at Dallas, where he currently remains.)

December 20, 1990: The board, in its revocation decision, recommitted Doria as a convicted parole violator to serve an additional twenty-four months of his original sentence. The decision was mailed on January 28, 1991.

Initially, we note that Doria, in addition to filing a complaint, titled "Motion for a Writ of Mandamus to be Issued in Original Jurisdiction of the Commonwealth Court of Pennsylvania Pursuant to, Purdons, Pa. Title 42, CSA, Section 761(a)(1)(i)," has also filed a document titled, "Petitioner's Answer, by Traverse to Respondent Parole Boards' Answer with 'New Matter'". (Doria's "answer". Emphasis in original.) The second functions in part as a reply to the respondents' new matter.

■ However, in considering a motion for judgment on the pleadings, we may only consider a complaint, an answer with new matter and a reply to new matter. Therefore, we may not consider the materials that are included in Doria's "answer" except as it constitutes a reply to the respondents' new matter.

### 1.

Doria's first argument concerns the board's computation of his credit for time served against his new criminal sentences. Specifically, Doria seeks to have the 2 years, 6 months and 23 days he spent in the Chester County prison before his conviction in Delaware County, in December 1989, credited to his sentences in Chester, Delaware and Bucks Counties. Instead, the board only credited this period against Doria's Chester County sentence. Doria suggests that the board erred in not crediting all three sentences with this time in the Chester County Prison because the trial courts in Delaware and Bucks Counties ordered that his sentences should be served concurrently.

However, the rule in Pennsylvania is well settled that credit for *pre-sentence custody time* cannot be earned against criminal charges pending in a different county. *Lantzy v. Commonwealth of Pennsylvania,* 47 Pa.Commonwealth Ct. 266, 407 A.2d 926 (1979). Therefore, the board did not err in crediting this May–1987–to–December–1989 time only to Doria's Chester County sentence because the trial courts lack the authority to apply pre-sentence custody credit for time served in a different county.

As stated in paragraph 9 of the board's answer, the board computed Doria's credit in Chester County as follows:

"(1) credit for the period of 2 years 6 months and 23 days of *pre*-sentence imprisonment [from] May 27, 1987 to December 20, 1989 was applied to [Doria's] Chester County sentence because he was imprisoned in the Chester County prison during that period ... (4) credit for the period of 5 months and 8 days of *post*-sentence imprisonment following the imposition of the Chester County sentence on July 12, 1990 to the recording of the [board's] revocation decision on December 20, 1990 was applied to all three concurrent sentences (Delaware, Bucks and Chester County)...." (Emphasis added.)

The board thus calculated Doria's entire Chester County credit to be 2 years, 11 months and 23 days.

However, we have discovered a minor discrepancy in the board's calculation of Doria's Chester County credit. It appears that the board may have failed to credit Doria with eight days that, according to the board's·explanation of its calculation, should be credited to him. When we added the above numbers, upon which the board stated it relied, we arrived at a credit of exactly 3 years for Doria's Chester County sentence, an eight-day difference from the board's calculation. Our computation is: 2 years 6 months and 23 days, plus 5 months 8 days, equals 2 years 11 months and 31 days, i.e., 2 years 12 months, which is 3 years.

We cannot determine from the material before us how the board reached its conclusion. Therefore, the board should recalculate Doria's credit for his Chester County sentence so that this discrepancy is eliminated.

2.

Moreover, a further question remains. Both Pa.R.Crim.P. 1406(b) and § 9760(1) of the Judicial Code, *as amended,* 42 Pa.C.S. § 9760(1), provide that pre-sentence custody shall be credited against the sentence imposed by the court in the same county of confinement.

The board's answer, also at paragraph 9, explains the crediting of Doria's Chester County imprisonment time between December 1989 and July 1990 as follows:

(2) [C]redit for the period of 1 month and 22 days of post-sentence imprisonment following the imposition of the Delaware County sentence on December 20, 1989 until the imposition of the Bucks County sentence on February 12, 1990 was applied to the Delaware County sentence; (3) credit for the period of 5 months of post-sentence imprisonment following the imposition of the Bucks County sentence on February 12, 1990 until the imposition of the Chester County sentence on July 12, 1990 was applied to both the Delaware and the Bucks County concurrent sentences....

Therefore, we must ask whether, in addition to crediting the December–1989–to–February–1990 period of the Chester County confinement to the December 1989 Delaware sentence,

and in addition to crediting the February–1990–to–July–1990 Chester County confinement to the Delaware and Bucks County sentences, should the board also have credited that December–1989–to–July–1990 period of pre-sentence time to the July 1990 sentence in *Chester* County?

■ Pa.R.Crim.P. 1406(c) negates *pre-sentence* custody credit when imprisonment is attributable to another sentence. That rule states:

> (c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

We therefore conclude that Doria's pre-sentence custody in Chester *after* the December 1989 Delaware sentence constituted time served under the Delaware sentence, not additional pre-sentence-custody time creditable to the later Chester County sentence. Similarly, time served under the Bucks county sentence, although running concurrently with the Delaware sentence, cannot be credited in addition as *pre-sentence custody* credit for the Chester sentence of July 1990. Rather, the board properly gave pre-sentence custody credit to the Chester County sentence for the 1987–1989 period during which the imprisonment was not attributable to Delaware and Bucks County sentences imposed in December 1989 and February 1990.

### 3.

Doria's further argument concerns what he refers to as "some confusion" over the backtime he owes. However, his brief merely states that, hereafter, his sentences for his new criminal convictions will re-commence after he serves his backtime. Of course, that statement is correct, but there is no confusion surrounding this assertion. In addition, Doria concedes that this point will have no bearing on the actual time

that he will have to serve. Therefore, we will not address Doria's second argument inasmuch as it is tautologous.

## Conclusion

Accordingly, we grant Doria a partial judgment on the pleading to the extent that we order the board to eliminate the eight-day discrepancy in its calculation of Doria's credit for his time in the Chester County Prison, and, except as to that point, we otherwise grant the respondents' motion for judgment on the pleadings and dismiss Doria's complaint as to all matters other than that corrected by the partial judgment in his favor, as stated above.

## ORDER

NOW, August 19, 1993, the petitioner's motion for judgment on the pleadings is granted only insofar as we order the Board of Probation and Parole to eliminate the eight-day discrepancy in the petitioner's credit for his time spent in the Chester County Prison. In all other respects, we grant the respondents' motion for judgment on the pleadings and dismiss the petitioner's complaint, except as stated herein.