Accordingly, we reverse the order of the trial court.

### ORDER

**AND NOW,** this 13th day of June, 1995, the order of the Court of Common Pleas of Montgomery County, Orphans Court Division dated October 27, 1994 at No. 54874 is hereby reversed.

■

**Charles HAYES, Petitioner,**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 12, 1995.

Decided June 14, 1995.

---

**7.** In *Pickering,* the Court found significant the fact that the Act of 1961 specifically provides for the exclusion of death taxes paid out of property supporting a prior interest from the appraisement of a future interest at the time the right of possession accrues to the owner. *Cf. Estate of Miller,* 467 Pa. 193, 355 A.2d 577 (1976) (involving election to pre-pay remainder inheritance tax under Act of 1961).

David Crowley, Chief Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Charles Hayes (Hayes) petitions for review of the December 19, 1994 decision of the Pennsylvania Board of Probation and Parole (Board) dismissing his request for administrative relief. The Board's determination found that Hayes was not entitled to presentence credit for time served at Graterford Prison on one conviction prior to imposition of another sentence on a different conviction to be served concurrently with the first.

Hayes was paroled on January 7, 1982 from concurrent sentences for robbery, possession of an instrument of crime, and related offenses, for which the Department of Corrections (Department) calculated a maximum term expiration date of January 7, 1995. On February 17, 1984, Hayes was arrested on new Philadelphia County criminal charges. However, on March 21, 1984, Hayes was sentenced by the Montgomery County Court of Common Pleas to serve 5 to 23 months in Montgomery County Prison for a conviction at Montgomery County Common Pleas number 84–03–4329–1. Hayes was sentenced on December 10, 1985 to serve an aggregated term of 6 to 12 years in a Pennsylvania correctional institution on Philadelphia County criminal information numbers 867 and 868 of 1984 for a crime committed during the parole period. He began serving this sentence at Graterford Prison on December 12, 1985. On December 29, 1986, Hayes was sentenced to serve an aggregated term of 7½ to 15 years in a Pennsylvania correctional institution on Philadelphia County criminal information numbers 1110 and 1116 of 1984, to be served concurrently with the aforementioned 6-to-12-year sentence.

The Pennsylvania Department of Corrections (Department), based on its receipt from

the Board of a modified PBPP–39 form dated May 12, 1992, did not apply any presentence custody credit to Hayes' 7½–to–15–year sentence for the time Hayes spent in custody on his prior sentence before December 29, 1986 when the latter sentence was imposed. On September 9, 1994, Hayes filed a petition for administrative review alleging that he was entitled to have presentence custody credit applied to the 7½–to–15–year sentence for the time he spent in custody from February 17, 1984 to December 29, 1986, a period of 2 years, 10 months, and 12 days.

The Board, by a determination issued on December 20, 1994, denied Hayes' petition for administrative relief, as a result of which Hayes filed a petition for review with this Court.[1]

Hayes argues that the Board erroneously bifurcated his aggregated 7½–to–15–year sentence and credited 1 year, 7 months, and 2 days time served only to his 6–to–12–year sentence, while applying nothing to the 7½–to–15–year sentence. In support of his argument, Hayes maintains that an August 25, 1993 form memorandum from the Philadelphia Clerk of Quarter Sessions to the State Correctional Institution at Dallas documented his entitlement, with respect to the 7½–to–15–year sentence, to credit for time served while incarcerated from February 17, 1984 to December 29, 1986, the start date of the aforementioned sentence. It is Hayes' position that, in contravention of the Quarter Sessions memorandum, the Board exceeded its authority by applying the presentence custody credit solely to Hayes' 6–to–12–year sentence. We disagree.

■ It has been established that where an offender is serving a term of state parole at the time he commits a new offense, when he is recommitted as a convicted parole violator, it is the responsibility of the Board to allocate confinement time between the offender's new and original sentences. *Feilke v. Pennsylvania Board of Probation and Parole,* 167 Pa.Commonwealth Ct. 381, 648

A.2d 121 (1994). In the present case, it was within the Board's authority to decide on the allocation of Hayes's credit for time served. We clarified this issue in *Doria v. Pennsylvania Department of Corrections,* 158 Pa.Commonwealth Ct. 59, 64, 630 A.2d 980, 983 (1993), *affirmed,* 539 Pa. 245, 652 A.2d 281 (1994), wherein we noted that "Pa.R.Crim.P. 1406(c) negates *pre-sentence* custody credit when imprisonment is attributable to another sentence."

■ The Board correctly notes that the Quarter Sessions memorandum stipulates that Hayes shall receive any pre-sentence custody credit provided it has not already been applied on another matter. In this case, Hayes already received credit for time served from February 17, 1984 to March 21, 1984, and from March 21, 1984 to December 29, 1986, said credit having been applied to the 6 to 12 year sentence imposed on December 10, 1985. Analogously, in *Commonwealth v. Hollawell,* 413 Pa.Superior Ct. 42, 45, 604 A.2d 723, 726 (1994), the Pennsylvania Superior Court found that where the appellant was sentenced for convictions resulting from one criminal case and received credit for time previously served on said sentence, he could not then expect to "receive a windfall on sentencing for a completely unrelated crime." Finally, the Board acknowledges that under *Doria,* if the Commonwealth has entered a plea agreement with the offender acknowledging such entitlement, an offender may benefit from the application of pre-sentence custody credit to which he might not ordinarily be entitled. However, this situation is not applicable to Hayes's 7½–to–15–year sentence, which was not the product of a plea bargain.

■ Pursuant to the rationales set forth in *Feilke, Doria,* and *Hollawell* respectively, the Board had the authority to allocate Hayes's pre-sentence custody credit, and once said credit was applied to Hayes's 6–to–12–year sentence, he was not entitled to have it reapplied to his 7½–to–15–year sentence.

---

1. This Court's scope of review of a Board's order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were unsupported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *McCaskill v. Pennsylvania Board of Probation and Parole,* 158 Pa.Commonwealth Ct. 450, 631 A.2d 1092 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 739 (1994).

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 14th day of June, 1995, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.