In the Matter of James H. BROWN, Es-
quire, A Member of the Bar of the Dis-
trict of Columbia Court of Appeals.

Nos. 94–BG–1548 & 95–BG–235.

District of Columbia Court of Appeals.

March 4, 1996.

Before: FARRELL and REID, Associate Judges; and GALLAGHER, Senior Judge.

## ORDER

PER CURIAM.

On consideration of the report and recommendation of the Board on Professional Responsibility, recommending that the respondent be suspended for sixty days, the letter from Bar Counsel electing not to note an exception to the report and recommendation of the Board on Professional Responsibility, and it appearing that respondent has not filed an exception to the discipline recommended by the Board on Professional Responsibility nor has respondent filed his affidavit of compliance with the provisions of D.C.App.R. XI, § 14(g), in connection with his interim suspension, it is

ORDERED, pursuant to Rule XI, §§ 9(g)(2) and 11(f)(1) of the Rules Governing the Bar, that the recommendation of the Board on Professional Responsibility is hereby adopted, and respondent shall be suspended from the practice of law in the District of Columbia for sixty days. It is

FURTHER ORDERED that said sixty day suspension shall begin thirty days after the date of this order. See Rule XI, § 14(f). It is

FURTHER ORDERED that respondent's attention is drawn to the requirement of D.C.App.Rule XI, § 14 relating to suspended attorneys and to the provisions of § 16(c) dealing with the timing of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit.

## REPORT AND RECOMMENDATION

Respondent James H. Brown, a member of the bar of the District of Columbia, was suspended for 60 days, effective December 3, 1994, from the practice of law in Maryland. By order dated December 22, 1994, the District of Columbia Court of Appeals suspended Respondent from the practice of law in the District of Columbia, and ordered this Board "to recommend promptly to th[e] Court whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board, instead, elects to proceed *de novo* pursuant to Rule XI, § 11." Bar Counsel recommends reciprocal discipline; Respondent has not made any filing before the Board. The Board recommends that reciprocal discipline be imposed.

### The Maryland Discipline

A Judge of the Circuit Court for Prince George's County, Maryland, found that Respondent engaged in conduct involving misrepresentation in violation of Maryland Rule of Professional Conduct 8.4(c), engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(d), failed to exercise the diligence and promptness in representing his client required by Rule 1.3, failed to promptly comply with reasonable requests for information as required by Rule 1.4(a), and falsely stated material facts to a tribunal in violation of Rule 3.3(a). The violations arose from Respondent's representation of two attorneys with whom he shared office space in litigation against their former law partners. Respondent filed a complaint in March 1991, but failed to file timely responses to discovery requests or to seek an extension of time. Respondent also failed to respond to a motion for sanctions. The court dismissed the complaint as a result. Respondent filed a motion to alter or amend the judgment of dismissal, with an affidavit asserting that discovery responses were completed by August 28 or 29, 1991. The case was reinstated based on Respondent's motion, but opposing counsel filed a motion to vacate the reinstatement because opposing counsel was never served with the motion to alter or amend. More than five months la-

ter, Respondent answered the motion to vacate, stating that the discovery responses had been forwarded on November 1, 1991. Opposing counsel renewed his motion for immediate sanctions, asserting that he had never received the Respondent's answer to the first motion for immediate sanctions, the affidavit accompanying the motion, the motion to alter or amend judgment, or any discovery responses.

After an evidentiary hearing in which Respondent participated, the Circuit Court for Prince George's County found that Respondent had misrepresented on three certificates of service that he had served opposing counsel, and misrepresented in the affidavit filed with the motion to alter or amend judgment that he had served the discovery responses. The Court found that the misrepresentations also constituted conduct prejudicial to the administration of justice, and that Respondent failed to comply with the requirements of promptness in representing his client and in providing information to others that is required by Rules 1.3 and 1.4(a). Before the Court of Appeals of Maryland, Respondent consented to a 60–day suspension. He was suspended in Maryland effective December 3, 1994, and was reinstated on February 7, 1995.

### Whether Discipline Should Be Imposed in the District of Columbia

■ Under D.C.App.R. XI, § 11, the Court will impose reciprocal (identical) discipline "unless the attorney demonstrates by clear and convincing evidence" that one of five conditions exists that would warrant different treatment in this jurisdiction. Unless Respondent establishes an exception, this jurisdiction recognizes a presumption that the same discipline imposed elsewhere should be imposed here on a reciprocal basis. *In re Gardner,* 650 A.2d 693 (D.C.1994). Respondent has made no attempt here to demonstrate that any exception applies, and none of the exceptions is clear on the face of the information submitted to us regarding the Maryland discipline.

■ There is no question that the misconduct found in Maryland constitutes misconduct in the District of Columbia. The

Maryland rule provisions regarding misrepresentation, diligence, communication and candor toward the tribunal are almost identical to Rules in effect in the District of Columbia. *See* District of Columbia Rules of Professional Conduct 8.4(c), 8.4(d), 1.3(c) and 1.4(a). While the Maryland Rule prohibiting conduct prejudicial to the administration of justice lacks the qualifying language that the conduct must "seriously interfere" that is found in our Rule 8.4(d), there is no doubt that misrepresentations to a tribunal constitute a violation of our rule. *See In re Hutchinson,* 534 A.2d 919 (D.C.1987) (*en banc*).

■ A 60–day suspension is on the lenient end of the range of sanctions for repeated, written misrepresentations of fact to a tribunal and failure to respond promptly to discovery and to serve motions and responses on opposing counsel. It is within the range of sanctions here, however, particularly taking into account that Respondent apparently has no prior discipline.[1] *See In re Jackson,* 650 A.2d 675, 678 (D.C.1994) (appended BPR report observing that sanctions in dishonesty and misrepresentation cases have ranged from public censure to one-year suspensions); *In re Ontell,* 593 A.2d 1038 (D.C.1991) (30–day suspension for neglect and misrepresentation to client); *In re Rosen,* 481 A.2d 451 (D.C.1984) (30–day suspension for three separate written misrepresentations to a court).

For the foregoing reasons, the Board recommends that the Court impose reciprocal discipline of a 60–day suspension from the practice of law in the District of Columbia, effective from Respondent's filing of his affidavit of compliance with the provisions of D.C.App.R. XI, § 14(g), which Respondent has not filed in connection with his interim suspension.

BOARD ON PROFESSIONAL RESPONSIBILITY

---

Patricia A. Brannan

Date: _____

[1]. On February 9, 1995, the United States District Court for the District of Columbia imposed a 60–

All members of the Board concur in this Report and Recommendation.

day suspension as reciprocal discipline for the misconduct in Maryland that is at issue here.