J-S08030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DASHAWN MCLENDON | |
| Appellant | No. 2216 EDA 2014 |

Appeal from the Judgment of Sentence of June 24, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0000219-2014

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 10, 2015**

Dashawn McLendon appeals the Court of Common Pleas of Monroe County's June 24, 2014 judgment of sentence, which was imposed upon McLendon's guilty plea to Possession of a Firearm Without a License, 18 Pa.C.S. § 6106(a)(2).  Specifically, McLendon contends that the trial court failed properly to credit time that he spent incarcerated in Luzerne County on one charge while McLendon was awaiting sentencing on an unrelated Monroe County charge.  We affirm.

The trial court provided the following factual and procedural history:

On January 8, 2014, [McLendon] was arrested and charged with Possession of a Firearm without a License and Possession of a Small Amount of [M]arijuana.  He was released on bail the next day.

On March 19, 2014, [McLendon pleaded] guilty to the Possession of [a] Firearm charge.  While still on bail but before he was sentenced, [McLendon] was arrested and charged in Luzerne

County with Possession with Intent to Deliver Marijuana (the "Luzerne County Charge"). [McLendon] was incarcerated in the Luzerne County Correctional Facility on the Luzerne County Charge from May 1, 2014 until shortly before he was sentenced in this case.

On June 24, 2014, [McLendon] was sentenced in this case to incarceration of not less than 6 months nor more than 24 months [less one day]. He was given time credit for the two days he initially spent in jail before being released on bail.

[McLendon] did not file post-sentence motions. On June 24, 2014, [McLendon's] counsel filed a notice of appeal. Despite the fact that no post-sentence motions had been filed, the notice indicated that [McLendon] was appealing from "the deemed denial by operation of law of Post-Sentence Motions in accordance with Pa.R.Crim.P. 720(B)(3)(a)."

On July 25, 2014, we entered an order directing [McLendon] to file his [Pa.R.A.P.] 1925(b) statement within 21 days. On July 28, 2014, the Clerk of this Court served the order on [McLendon's] counsel and the attorney for the Commonwealth and filed affidavits of service. Shortly thereafter, the court received from [McLendon] a *pro se* "Motion to Modify and Reduce Sentence" dated July 24, and mailed on July 25, 2014, from the Luzerne County Correctional Facility.

On July 29, 2014, we issued an order dismissing the *pro se* motion, pointing out the error in the notice of appeal, and directing [McLendon's] counsel to amend, correct, or clarify the notice by specifying the order or judgment from which the appeal was being taken. The order clearly stated that "[t]his requirement does **not** alter, modify, or extend the time for the filing of [McLendon's] Rule 1925(b) statement of errors complained of on appeal." No Rule 1925(b) statement was filed.

Since a defense attorney's failure to timely file a Rule 1925(b) statement when ordered to do so is *per se* ineffectiveness, we followed the procedures established by the Superior Court in **Commonwealth v. Thompson**, 39 A.3d 335, 340 n.11 (Pa. Super. 2012). Specifically, we issued an appeal opinion finding [McLendon's] attorneys had been ineffective, granting [McLendon's] appellate counsel leave to file a Rule 1925(b) statement *nunc pro tunc*, and indicating that this supplemental appeal opinion would address any issues that are timely and properly raised in the Rule 1925(b) statement, once filed.

> As indicated, [McLendon's] Rule 1925(b) [statement] was subsequently filed *nunc pro tunc* within the period we gave him to do so.

Trial Court Opinion ("T.C.O."), 10/1/2014, at 1-3 (footnotes omitted; legal citations modified; record citations omitted; emphasis in original).

McLendon states his lone issue on appeal as follows:

> Whether [McLendon] should be given time credit against his Monroe County sentence for the time he spent in Luzerne County on unrelated charges while waiting to be transported to Monroe County because the Commonwealth failed to file a writ to release the defendant to Monroe County, causing an unnecessary delay in the start of his sentence?

Brief for McLendon at 3. The trial court correctly noted that even though McLendon failed to raise this issue in post-sentence motions, the issue cannot be waived because questions concerning the crediting of time served implicate the legality of sentence. T.C.O. at 3 (citing ***Commonwealth v. Hollawell***, 604 A.2d 723, 725 (Pa. Super. 1992)).[1]

The trial court's discussion is apt, and warrants reproduction in full:

> Under Section 9760 of the Sentencing Code, the court must give credit for time served as follows:
>
>> (1)    Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall

---

[1]    This is distinct from a challenge to a computation of time served by the Bureau of Corrections, jurisdiction over which lies in the Commonwealth Court. ***See Commonwealth v. Perry***, 563 A.2d 511, 512-13 (Pa. Super. 1989).

include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

* * * *

(4)　　If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760 (2014).[2]　In applying these statutory rules, [it] is "well[-]settled that credit for *pre-sentence custody time* cannot be earned against criminal charges pending in a different county." ***Doria v. Pa. Dep't of Corrs., Records Dep't***, 630 A.2d 980, 982 (Pa. Cmwlth. 1993) (emphasis in original). Similarly, "Section 9760 . . . does not provide for credit for time served on unrelated offenses or when credit has been already credited against another sentence." ***Taglienti v. Dep't of Corrs. of the Cmwlth. Of Pa.***, 806 A.2d 988, 993 (Pa. Cmwlth. 2002).

Here, the additional time credit [McLendon] is seeking relates to the Luzerne County Charge, not this case. [McLendon] is not entitled in this case to credit for the time he served in jail in Luzerne County because he was incarcerated there on the unrelated Luzerne County Charge that was filed against him by another jurisdiction. At sentencing, [McLendon] was given credit for the two days he had spent in jail as a result of the charges filed against him in this case. He is not entitled to additional credit here. His request for credit for time spent in jail in Luzerne County on the Luzerne County Charge must be addressed to the court and the authorities in Luzerne County.

T.C.O. at 3-5 (citations modified).

_____

2　　The trial court reproduced all four of section 9760's four subsections. However, only subsections (1) and (4) are relevant to our analysis in this case.

- 4 -

Against this sound reasoning, which is couched in accurately-represented Pennsylvania authority, McLendon offers an argument reliant exclusively on case law interpreting the calculation of time served for confinement upon a detainer for an alleged probation or parole violation. Specifically, McLendon relies upon *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299 (Pa. Super. 2003), and *Baasit v. Pennsylvania Board of Probation & Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014). From *Martin*, McLendon cherry-picks the following language:

> [T]he considerations relevant to the award of credit are just and equitable in nature. Unique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Decision[-]making in this conte[x]t[] is thus[] particularly suited to a discretionary framework with guidelines to ensure equitable treatment.

Brief for McLendon at 6 (quoting *Martin*, 840 A.2d at 308). From *Baasit*, he reasons as follows:

> In [*Baasit*], the [Commonwealth] Court also referred to the primary jurisdiction doctrine in discussing the award of credit under new subsection 5.1 of the Parole Code[, 61 Pa.C.S. § 6138(a)]. Under that doctrine[,] the sovereign which first arrests a defendant is afforded primary jurisdiction. The addition of subsection 5.1 constituted a significant change in legislative policy regarding the order of service of sentences where the convicted parole violator received a new sentence in a federal court or a court of another jurisdiction. That subsection would thus require that a parole violator serve his state sentence first before serving the sentence imposed by another jurisdiction, be it state or federal.
>
> While these specific statutes and cases are factually and legally distinguishable, [McLendon] submits that the principles

- 5 -

underlying them can be applied in a fair and equitable manner here.

Brief for McLendon at 6-7.

Unfortunately for McLendon, he does not explain **how** we might do so, especially when the present circumstance is controlled by an entirely different statute that provides for an entirely different assessment and application of principles governing credit for time served. The difficulties are exacerbated by the fact that *Martin* and *Baasit* both concerned circumstances when the defendant was incarcerated on both the parole violation and the new offense simultaneously. Here, by contrast, McLendon posted bail on his earlier Monroe County offense and seeks credit for time that must be attributed exclusively to his Luzerne County arrest, which was effectuated while McLendon was free on bail on the Monroe County offense.

Had McLendon not been arrested in Luzerne County during the pendency of his Monroe County sentencing, he would have remained free on bail and have been entitled to no credit. Similarly, if McLendon had not pleaded guilty to the Monroe County charges but had been arrested in Luzerne County as he was in this case, he presumably would have served precisely the same amount of time in Luzerne County pending disposition of those charges as he did in this case. In effect, McLendon asks this Court to give him the benefit of his Luzerne County incarceration in such a way as to reward him for his later Luzerne County offense, as compared to another offender who committed only the equivalent of the Luzerne County offense.

This flies in the face of extensive case law interpreting section 9760 contrarily to the practical effect of McLendon's argument. As noted by the trial court, in **Doria**, the Commonwealth Court honored the long-standing rule that "credit for pre-sentence custody time cannot be earned against criminal charges pending in a different county." 630 A.2d at 982 (emphasis omitted). There, the court rejected defendant's argument that his simultaneous detention on charges in three separate counties should be credited against all three sentences, because those sentences ultimately were designated to run concurrently. In **Taglienti**, the Commonwealth Court similarly held that subsection 9760(a) "do[es] not permit a sentencing court to provide a prisoner with credit for time served on another unrelated offense." 806 A.2d at 992.[3]

We find that our decision in **Commonwealth v. Miller**, 655 A.2d 1000 (Pa. Super. 1995), controls the instant matter. In that case, Miller was arrested and charged with delivery of a controlled substance. He posted bail and was released from custody. Nearly four months later, during the pendency of the initial charge, Miller was arrested separately on an unrelated charge of aggravated assault. Shortly thereafter, he was charged separately with robbery associated with the same incident that had

_____

[3] We are not bound by the decisions of our sister Commonwealth Court, but such decisions may furnish persuasive authority. **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010).

prompted the assault charge. He remained incarcerated for several months on the latter two charges, but ultimately was acquitted on those charges. During the pendency of those charges, Miller pleaded guilty to the drug charge, and sentencing had been deferred. Ultimately, over a month after his acquittal and release on the assault and robbery charges, he was sentenced to confinement for the drug charge. *Id.* at 1001.

Miller sought credit for all time served on the assault and robbery charges prior to his sentencing on the drug charge. However, the trial court gave him credit only for the handful of days that he served on the drug charge between his arrest on that charge and when he posted bail. On appeal, Miller argued that subsection 9760(4), read in tandem with subsection 9760(1), required that he be granted credit for the time he was detained on the assault and robbery convictions of which he ultimately was exonerated. This Court disagreed:

> Under the facts of the instant case, . . . [subsection] 9760(4) is inapplicable. Here, [Miller] was not in custody for any other charges at the time he was arrested for delivery of a controlled substance. He had been arrested on the drug charge on March 26, 1993, and had posted bail on April 2, 1993. From the moment he posted bail on the drug charge and was released, [Miller] was no longer in custody on that charge. Therefore, when he was later arrested on unrelated charges and spent time in prison awaiting trial thereon, he was not entitled to credit on account of the drug charge. As to such charge he was free on bail and did not serve time.

*Id.* at 1003-04 (footnote omitted).

As in **Miller**, in this case, McLendon was arrested on the Monroe County charge at issue herein and released on bail shortly thereafter, remaining at liberty. Thus, when he was later arrested and incarcerated for the unrelated Luzerne County charge, as to his Monroe County charge "he was free on bail and did not serve time." **Id.** at 1004. Consequently, his Luzerne County incarceration had no bearing on the calculation of time served in connection with his Monroe County sentence. As in **Miller**, he received credit for the time he was incarcerated on the Monroe County charge before he posted bail.

In what we might consider an alternative argument, McLendon ventures the following proposition:

> [H]ad [McLendon] been sentenced on May 30 as originally ordered, his Monroe County time would have commenced as of that date. [McLendon] had no means to get to Monroe County jail from Luzerne County jail except through the appropriate exercise of jurisdiction over him by the serving of a writ of *habeas corpus* issued by the Court of Common Pleas of Monroe County. That procedure was eventually followed, however it was well beyond the original sentencing date.
>
> The failure of the Monroe County authorities to obtain the release of [McLendon] in timely fashion should not be held against [McLendon]. As set forth in [section] 9760, this period of time from May 30[th] to June 24[th] was additional time he spent in Luzerne *pending sentence* in Monroe County. Under the principles of equity and fairness espoused in **Martin**, *supra*, it is submitted that the time delay caused by the Commonwealth in procuring [McLendon's] appearance in Monroe County while he was awaiting sentencing on their charges should be credited towards his minimum sentence. If Luzerne obtains a conviction and the defendant is sentenced there as well, at that point the court in that county can eliminate any time credited to his Monroe sentence.

Brief for McLendon at 7-8 (emphasis in original).

The deficiencies in this argument are considerable. First, McLendon provides no evidence of record to establish that the "Monroe County authorities" did not "obtain the release of [McLendon] in timely fashion." More importantly, while his time in Luzerne County jail literally was time "pending sentence in Monroe County," that is of no moment. McLendon was not detained in Luzerne County **because** he was pending sentence in Monroe County. He was incarcerated in Luzerne County for an entirely separate charge. In short, the argument derived from Monroe County's putative "jurisdiction" over McLendon does not contradict *Miller*'s application of section 9760 as applied to the instant matter, and McLendon offers us no authority that would justify our departure from *Miller*'s holding.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015

- 10 -