# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Urch,       :
      Petitioner :
          :
  v.        :  No. 138 M.D. 2017
          :  Submitted: February 22, 2019
Commonwealth of Pennsylvania, :
Department of Corrections,   :
Secretary John E. Wetzel,   :
SCI-Forest Superintendent   :
Michael D. Overmyer, and All  :
Records Department of Corrections :
Supervisors, and Attorney General, :
      Respondents :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ROBERT SIMPSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**     **FILED:  August 13, 2019**

   Before us in our original jurisdiction is Wesley Urch's (Urch) motion for judgment on the pleadings seeking proper calculation of his sentences from various Department of Corrections' staff and its Secretary (collectively, DOC) and the Attorney General.  Urch, an inmate at the State Correctional Institution at Forest, representing himself, claims DOC's implementation of three orders corresponding to his original sentence in 1991 results in excessive confinement.  This Court previously overruled DOC's demurrer to this claim, in part based on the patent discrepancy between the language of the relevant sentencing orders and DOC's recitation of those orders in its submissions.  Urch v. Dep't of Corr. (Pa. Cmwlth., No. 138 M.D. 2017, filed Feb. 16, 2018), 2018 WL 911024 (unreported) (Urch I).

Based on the pleadings, we grant Urch's motion in part, and require DOC to recalculate his sentences in accordance with his 1991 sentencing orders. However, we are unable to discern the impact of DOC's error on the total period of confinement on the current record. Therefore, we direct DOC to file a statement explaining the effect of its recalculation on Urch's current sentence.

## I. Background

Based on our disposition of the preliminary objections, only Urch's claim as to DOC's alleged improper implementation of his 1991 sentence remains.[1]

## A. 1991 Sentencing Orders

The pleadings, including attachments, establish the following. In 1991, Urch began his confinement under three sentencing orders signed by Judge Stephanie Domitrovich of the Erie County Court of Common Pleas (sentencing court). The orders correspond to three separate dockets, No. 1111, No. 1112, and No. 1168 of 1991, containing sentences of varied lengths, both concurrent and consecutive, with different start dates, with his first sentence starting on April 5, 1991 (Original Sentence). The first order (Dkt. No. 1111) is comprised of 24 counts, some of which merged, imposing overlapping concurrent sentences and four consecutive sentences (First Order). The second order (Dkt. No. 1112) is comprised of one *concurrent* sentence of 1½ to 3 years (Second Order). The third order (Dkt. No. 1168) is comprised of 10 counts, most of which merged, containing one concurrent sentence that overlaps with the sentence in the Second Order, and two consecutive sentences (Third Order). All six of the consecutive sentences impose 2 to 4 year terms.

---

[1] Our prior opinion sustained DOC's demurrer to Urch's claim that DOC improperly aggregated his 1999 sentence, related to driving under the influence, with his original sentence.

2

The First Order, the Second Order and the Third Order (collectively, 1991 Sentencing Orders), reflect a complex sentence structure whereby sentences of varied lengths and types have different start and end dates. Each of the consecutive sentences, (Counts 7, 10, 18 and 22 of the First Order, and Counts 3 and 7 of the Third Order) began on a different date. Thus, although the Original Sentence began on April 5, 1991, in the First Order, the start dates of the consecutive sentences were the end dates of the concurrent sentences. That is, the 2 to 4 year consecutive sentence in Count 7 started on February 5, 1992, whereas the other consecutive sentences started as follows: Count 10 on August 5, 1992; Count 18 on June 5, 1993; and Count 22 on April 5, 1994.

By its plain language, the Second Order adds no additional time to Urch's sentence and does not affect aggregation because it is a *concurrent* sentence. Thus, the first consecutive sentence in the Third Order refers back to both the Second Order and Count 22 of the First Order, both of which started on April 5, 1994.

Aside from adding to the complexity, as a result of the different start dates, the concurrent sentences in the Third Order begin to run on April 5, 1994. As a result, Count 3 starts on October 5, 1995, and Count 7 starts on October 5, 1997. Under the 1991 Sentencing Orders, the maximum sentence date was October 5, 2001.

The sentencing court did not modify the 1991 Sentencing Orders, and the pleadings reflect no interpretation of the 1991 Sentencing Orders by the sentencing court. Also, Court Commitment Form DC-300B appears consistent with the 1991 Sentencing Orders. See Am. Pet., Ex. A.

## B. Procedural History

As we directed in our order in <u>Urch I</u>, DOC filed an answer. Although invited to append relevant documents showing its calculation of Urch's 1991 sentence, and its aggregation of the 1991 Sentencing Orders to its answer, DOC declined to do so.

In its answer, DOC generally denied or advised it was unable to answer the majority of the factual averments. Specifically, DOC responded as follows to the majority of the allegations: "After reasonable investigation, [DOC] [is] without information sufficient to form a belief as to the veracity of the averments made in this paragraph. The remaining averments are therefore denied." DOC Answer, ¶¶3, 4, 10, 11, 12; Answer to Suppl., ¶¶2, 4. In addition, regarding the documents Urch appended to his amended petition, DOC stated "the documentary exhibits referenced in this paragraph are written materials which speak for themselves, and require no characterization or interpretation by [DOC]." <u>Id.</u>, ¶¶10, 11, 12.

In DOC's new matter, discrepancies are apparent. DOC alleged Urch was first committed to DOC in **1992** when sentenced to 20 to 40 years of incarceration for aggravated assault with serious bodily injury. DOC New Matter, ¶2. However, DOC also stated that prior to his current term, Urch was incarcerated between January 2, **1992** and July 16, 2017, for the crime of burglary.[2] <u>Id.</u>, ¶3. The Pennsylvania Board of Probation and Parole recalculated his maximum sentence date following a parole violation, <u>id.</u>, ¶4; however, DOC did not specify when that occurred.

---

[2] The 1991 Sentencing Orders pertain to burglary, simple assault, criminal conspiracy and criminal attempt, and, consistent with this allegation, his 1991 sentence ended in 2017. However, the aggravated assault sentence relates to Urch's *current* term, so the reference to 1992 in DOC's New Matter, ¶2, appears to be in error.

4

Although DOC endorsed its new matter with a notice to plead, Urch did not file a reply to the new matter. Rather, Urch filed a "written response" complaining about the non-responsive nature of DOC's answer.[3] He also questioned the relevance of the new matter when his remaining claim challenges the implementation of his sentences based on the 1991 Sentencing Orders, whereas DOC focused exclusively on the 2007 sentence. Urch filed his motion for judgment on the pleadings on August 17, 2018. DOC responded stating there are disputes of fact. DOC did not file a cross-motion.

## II. Discussion

Here, DOC requests only the denial of Urch's motion for judgment on the pleadings, advising that there are a number of disputes of fact. See, e.g., Sweeting v. Dep't of Corr. (Pa. Cmwlth., No. 21 M.D. 2013, filed June 24, 2015), 2015 WL 5446423 (unreported). However, DOC did not identify any disputes.

### A. Legal Standards
### 1. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings filed in this Court's original jurisdiction is governed by Pa. R.C.P. No. 1034. Fox v. Pocono Springs Civic Ass'n, Inc., 695 A.2d 484 (Pa. Cmwlth. 1997). Rule 1034 provides that upon the close of the pleadings, any party may move for judgment in its favor. Id. When deciding the motion, we may consider only the pleadings themselves and any documents properly attached thereto. Newberry Twp. v. Stambaugh, 874 A.2d 734 (Pa. Cmwlth. 2005).

---

[3] This Court struck Urch's two purported responses to DOC's new matter as unauthorized. Primarily, Urch expressed frustration that DOC did not explain its calculation of his 1991 sentence, and instead raised allegations regarding his 2007 sentence without addressing how its improper implementation of his now-fully served 1991 sentence relates to his total confinement.

In "[a] motion for judgment on the pleadings addressed to [our] original jurisdiction … we must consider as true the non-moving party's allegations of fact." Miles v. Dep't of Corr. (Pa. Cmwlth., No. 157 M.D. 2010, filed Aug.14, 2012), slip op. at 4 n.4, 2012 WL 8667592, at *2 n.4 (unreported) (citation omitted). "A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law." Sturgis v. Doe, 26 A.3d 1221, 1223 (Pa. Cmwlth. 2011) (citation omitted); see Bernardini v. Dep't of Corr. (Pa. Cmwlth., No. 650 M.D. 2016, filed Sept. 1, 2017), 2017 WL 3798537 (unreported).

Pursuant to Pa. R.C.P. No. 1017, the pleadings consist of the complaint and answer, a reply to new matter, preliminary objections, and the response thereto. See Pfister v. City of Phila., 963 A.2d 593 (Pa. Cmwlth. 2009). Relevant here, preliminary objections are included within Rule 1017(a)(4) as "pleadings." Id. at 597.

An answer is required to "admit or deny each averment of fact." Pa. R.C.P. No. 1029(a). Rule 1029(b) provides in pertinent part: "A general denial or demand for proof ... shall have the effect of admission." Pa. R.C.P. No. 1029(b). General denials have the effect of admissions for purposes of a motion for judgment on the pleadings. City of Phila. v. Kenny, 369 A.2d 1343 (Pa. Cmwlth. 1977). This Court may consider documents appended to the petition for review when evaluating a motion for judgment on the pleadings, including sentencing orders, the official Court Commitment Form DC-300B, and sentencing status sheets. See, e.g., Everett v. Varner (Pa. Cmwlth., No. 74 M.D. 2009, filed Sept. 19, 2011), 2011 WL 10819573 (unreported); see also Bergdoll v. Kane, 694 A.2d 1155 (Pa. Cmwlth. 1997).

6

A motion for judgment on the pleadings may be appropriate to resolve alleged improper calculation of sentence claims. See, e.g., Havens v. Dep't of Corr. (Pa. Cmwlth., No. 84 M.D. 2013, filed Aug. 26, 2016), 2016 WL 4506137 (unreported) (assessing DOC's calculation of sentence on dispositive motions); see also Doria v. Dep't of Corr., 630 A.2d 980 (Pa. Cmwlth. 1993).

In the instant case, the pleadings are closed. Although not all of the material facts are clear from the pleadings, DOC has not responded to or specifically denied the miscalculation that is the essence of Urch's mandamus claim. As such, DOC's general denials are deemed admissions for purposes of this motion.

## 2. Mandamus

A writ of mandamus is an extraordinary remedy that compels an official's performance of a ministerial act or mandatory duty, as opposed to a discretionary one. Sturgis (inmate challenged sentence start date, which affected overall calculation). Mandamus relief is available only where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy. Stodghill v. Pa. Bd. of Prob. & Parole, 123 A.3d 798 (Pa. Cmwlth. 2015); Allen v. Dep't of Corr., 103 A.3d 365 (Pa. Cmwlth. 2014).

DOC has a mandatory duty to "faithfully implemen[t] sentences imposed by the courts," and to properly compute an inmate's sentence. Comrie v. Dep't of Corr., 142 A.3d 995, 1001 (Pa. Cmwlth. 2016). Where DOC's computation does not comply with a sentencing order, mandamus offers an appropriate remedy. Id. Mandamus also offers relief when there is alleged improper aggregation of sentences.

7

DOC "is an administrative agency charged with faithfully carrying-out sentences imposed by the courts, and is without authority 'to adjudicate the legality of a sentence or to add or delete sentencing conditions.'" Powell v. Dep't of Corr., 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (citation omitted). DOC has a mandatory duty to implement the sentence imposed by the court in accordance with its terms. Comrie.

## B. Analysis

Applying the legal standards above, we consider whether the pleadings contain sufficient undisputed facts to afford Urch mandamus relief.

## 1. Judgment on the Pleadings

Despite this Court's order directing DOC to answer the allegations, and our encouragement to append relevant documentation regarding its implementation and aggregation of the 1991 Sentencing Orders, DOC did not file a substantive answer explaining its implementation. Instead, DOC's answer consisted of general denials that offer no insight into its calculation and aggregation of the 1991 Sentencing Orders and the effect of that on his overall confinement period.

## a. DOC's Admissions

DOC's general denials of matters that should have been within its knowledge after reasonable investigation may be deemed admitted for purposes of a motion for judgment on the pleadings. Kenny, 369 A.2d at 1350 (relying on Rule 1029); see also Piehl v. City of Phila., 930 A.2d 607 (Pa. Cmwlth. 2007). Further, DOC's averments in preliminary objections may also qualify as admissions in pleadings.

8

DOC's calculation of Urch's sentence based on the 1991 Sentencing Orders is presumptively within DOC's knowledge. Statements that merely parrot Rule 1029(c) have the effect of an admission. City of Phila. v. Hertler, 539 A.2d 468 (Pa. Cmwlth. 1988). A denial is inadequate when it merely states, "after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth" of an averment. Pa. R.C.P. No. 1029(c).

Here, DOC repeatedly responded that it lacked knowledge or information sufficient to form a belief as to the truth of the particular paragraph asserted. Yet, it is beyond peradventure that DOC's calculation and implementation of Urch's 1991 Sentencing Orders are subjects within DOC's knowledge. As such, this Court may deem DOC's purported responses as admissions of the material facts alleged. Hertler.

DOC's preliminary objections contain two crucial admissions that DOC misconstrued the plain language of the 1991 Sentencing Orders. First, DOC stated the 3 to 6 year term for Count 1 of the First Order was a consecutive sentence when it does not so state. DOC Prelim. Obj., ¶25. Second, DOC erred in deeming the Second Order a consecutive sentence when it is concurrent. Id., ¶27.

Specifically, as to the First Order, DOC represented that the 3 to 6 year sentence in Count 1 was consecutive. Id., ¶25. But the word consecutive does not appear in Count 1, and Court Commitment Form DC-300B provides that unless otherwise stipulated, "the sentence shall be deemed to run concurrent." Am. Pet., Ex. A. Notably, there is no stipulation in that part of the form – it is blank. Id.

9

As to the Second Order, in paragraph 27, DOC states that "as to docket 1112 of 1991[,] [Urch] was sentenced to one and a half years to three years consecutively to Count 22 of docket 1111 of 1991 [First Order]." DOC Prelim. Obj., ¶27 (emphasis added). To the contrary, and of consequence, the Second Order, states the sentence is concurrent. Had the Second Order contained a consecutive sentence, then the start date would have changed to a later date. The errors are compounded in light of DOC's statements as to what the 1991 Sentencing Orders did, by adding two consecutive sentences to Urch's overall confinement, at the very least.

This Court advised that DOC's construction of the 1991 Sentencing Orders in its preliminary objections was inconsistent with the plain language of the 1991 Sentencing Orders. See Urch I, slip op. at 12, 2018 WL 911024, at *5. Yet, DOC did not attempt to explain or refute the discrepancy this Court identified. Id., slip op. at 13, 2018 WL 911024, at *6. Thus, the preliminary objections are the only pleadings in which DOC construed the 1991 Sentencing Orders, and it did so erroneously.

**b. Undisputed Material Facts as to 1991 Sentence**

In its response to Urch's motion for judgment on the pleadings, DOC maintains that the excessive confinement allegations were expressly denied in its answer and new matter. DOC further represents that its new matter contradicts Urch's allegations of improper sentence aggregation and implementation, to which Urch did not respond. As a result, DOC insists that outstanding issues of material fact exist. For reasons stated below, we disagree as to the implementation of Urch's 1991 Sentencing Orders.

10

Significantly, DOC did not dispute its alleged miscalculation of Urch's 1991 sentence. DOC did not explain the discrepancy between the 1991 Sentencing Orders and its implementation as described in its preliminary objections. DOC also did not refer to any documentation that supports its construction of the 1991 Sentencing Orders. Of note, DOC does not allege the 1991 Sentencing Orders were illegal or incapable of legal implementation.

That Urch did not reply to or deny DOC's allegations in new matter is of no consequence. None of DOC's averments in new matter pertain to the 1991 Sentencing Orders that comprise the bulk of Urch's miscalculation claim. DOC's new matter pertains only to his "current sentence" related to CP-3333-2007.[4] DOC did not adequately deny facts related to its alleged erroneous implementation or aggregation of his 1991 Sentencing Orders, except as to the aggregation with his 1999 sentence, which this Court addressed in Urch I (granting demurrer as to aggregation of 1999 *consecutive* sentence).

Also, although DOC states "significant outstanding issues of material fact exist," DOC Resp. to Mot., ¶26, it does not identify *any* disputes of material fact related to its implementation of the 1991 Sentencing Orders. Therefore, we consider the motion for judgment on the pleadings based on the deemed admissions from DOC's inadequate denials and averments in its preliminary objections.

_____

[4] According to DOC, Urch's current sentences at CP-3333-**2007** include: a 10 to 20 year term of incarceration for aggravated assault with serious bodily injury at Count 4; a 10 to 20 year term of incarceration for aggravated assault with serious bodily injury at Count 5 (*consecutive*); 3 years, 4 months to 6 years, 8 months for homicide by vehicle at Count 6 (concurrent); 2 years, 6 months to 5 years for accident involving death at Count 7 (consecutive); and a 2 to 4 year term for accident involving death (concurrent). DOC New Matter, ¶6.

11

## 2. Mandatory Duty

Here, Urch has a clear legal right to enforce the 1991 Sentencing Orders as written. Powell. DOC has a legal duty to implement the 1991 Sentencing Orders as written, without modification. Comrie. DOC's sole function is to implement the terms of the sentence imposed by the sentencing court. Where DOC's computation does not comply with a sentencing order, mandamus offers an appropriate remedy. Id. Urch also lacks another remedy because DOC is the entity able to calculate and implement his multiple sentences while he is in custody.

When a court determines that a sentence is to be served consecutively to one previously imposed, the sentences are subject to aggregation. Gillespie v. Dep't of Corr., 527 A.2d 1061 (Pa. Cmwlth. 1987), appeal denied, 540 A.2d 535 (Pa. 1988). Moreover, "[a] sentence ... is to be construed so as to give effect to the intention of the sentencing judge. To determine this intention[,] the court will limit itself to the language of the judgment despite ... statements of the sentencing judge which are not incorporated in it." Powell, 14 A.3d at 915-16 (citations omitted).

Urch offers a plausible interpretation of the 1991 Sentencing Orders. See Am. Pet., Ex. B. DOC did not directly refute his calculation, and this Court came to the same construction and computation as Urch. Further, as emphasized above, DOC's description of Urch's 1991 sentence in its preliminary objections contradicted the plain language of the 1991 Sentencing Orders.

DOC erred in treating concurrent sentences as consecutive sentences subject to aggregation, which resulted in Urch serving additional time beyond the concurrent terms imposed by the sentencing court.

Consecutive sentences are subject to mandatory aggregation, Gillespie; 42 Pa. C.S. §9757; concurrent sentences are not. Therefore, the fact that DOC effectively changed two of Urch's concurrent sentences into two consecutive sentences resulted in an improper calculation, adding more time than imposed by the sentencing court in the 1991 Sentencing Orders. DOC thus must correct its miscalculation and aggregation.

Urch pled DOC's improper aggregation of his sentences imposed confinement beyond the maximum set by the sentencing court. These facts are consistent with the documents Urch appended to his amended petition, and which DOC acknowledged "speak for themselves." See Am. Pet., Ex. A, (Sentence of 1991 and Court Commitment Form DC-300B), Ex. B (Urch's Computation based on Court Commitment Form DC-300B). DOC did not adequately deny facts pertaining to the 1991 sentence.

Aggregation of all of the consecutive sentences contained in the 1991 Sentencing Orders amounts to 12 to 24 years. However, by construing two sentences as consecutive when they were concurrent, i.e., in Count 1 of the First Order and the single sentence in the Second Order, this leads to 4 ½ to 9 more years.[5] This has the

---

[5] The sentence from Count 1 in the First Order (3 to 6 years), plus the sentence from the Second Order (1½ to 3 years), when aggregated as consecutive sentences comes to 4½ to 9 years, i.e., (1½-3) + (3-6)= (4½-9).

13

effect of extending Urch's confinement beyond the terms of confinement authorized by the sentencing courts.  This is beyond DOC's authority.

This Court may partially grant an inmate's motion for judgment on the pleadings to recalculate a sentence and provide proper credit.  <u>Doria</u>.  As in <u>Doria</u>, this Court "cannot determine from the material before us how [DOC] reached its conclusion.  Therefore, [DOC] should recalculate [Urch's] … sentence so that this discrepancy is eliminated."  <u>Doria</u>, 630 A.2d at 982.

Accordingly, we direct DOC to implement the 1991 Sentencing Orders as written, and to ensure Urch receives credit to which he may be entitled by serving additional time on his 1991 sentence, as that term ended in June 2017.  <u>Powell</u>.  Although Urch alleges 15 years of additional confinement is attributable to this error, this Court cannot confirm the effects of DOC's miscalculation on this record.  At a minimum, our calculations suggest DOC's aggregation of concurrent sentences in the 1991 Sentencing Orders led to 4½ to 9 years of additional confinement.  Thus, in addition to recalculating and unwinding any improper aggregation based on its improper implementation of the 1991 Sentencing Orders, we direct DOC to file a status report showing its compliance with this Court's directive.

### III. Conclusion

Therefore, we grant Urch partial judgment on the pleadings and require DOC to recalculate his confinement as though his 1991 Sentencing Orders were implemented in accordance with their plain language.  However, we are not in a position to grant relief on Urch's excessive confinement claim as it relates to the aggregation of the 1991 sentence with his current sentence from 2007.  Accordingly,

14

we direct the parties to file dispositive motions as to the remainder of this claim, confirming the proper term of Urch's confinement, and appending all relevant supporting documentation.

 

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Urch, : 
                          Petitioner : 
  : 
         v. : No. 138 M.D. 2017
  : 
Commonwealth of Pennsylvania, : 
Department of Corrections, : 
Secretary John E. Wetzel, : 
SCI-Forest Superintendent : 
Michael D. Overmyer, and All : 
Records Department of Corrections : 
Supervisors, and Attorney General, : 
                       Respondents : 

# O R D E R

**AND NOW**, this 13th day of August 2019, the motion for judgment on the pleadings filed by Wesley Urch (Urch) is GRANTED IN PART, as to the alleged misconstruction and improper aggregation of his 1991 sentencing orders, and **DENIED IN PART** as to the alleged 15-year term of excessive confinement. The Department of Corrections (DOC) is **DIRECTED** to recalculate Urch's sentence based on the proper interpretation and implementation of the 1991 sentencing orders pursuant to their terms as set forth in the accompanying opinion. DOC is further **DIRECTED** to file a status report showing its compliance and the effect of its recalculation and corrected aggregation within 60 days of the date of this order.

**AND FURTHER**, the parties are further **DIRECTED** to file petitions for summary relief attaching all relevant sentence documentation, including sentence

status summaries, showing the effect of the proper calculation of the 1991 sentencing orders on Urch's total confinement within 90 days of the date the status report is filed. The parties shall address how the period of confinement corresponds to the documents submitted, and does not exceed the sentences imposed by the 1991 sentencing orders, so as to lengthen the total period of Urch's confinement beyond that ordered by the sentencing courts authorized to impose the sentences.


_____
ROBERT SIMPSON, Judge