# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph [Anthony] Montgomery,      :
             Petitioner      :
     :
         v.      :      No. 525 M.D. 2015
     :      Submitted: November 18, 2016
Pennsylvania Department of      :
Corrections, et al.,      :
             Respondents      :


BEFORE:     HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: March 17, 2017**


Before this Court in our original jurisdiction are the preliminary objections of the Pennsylvania Department of Corrections (Department) to a petition for review in the nature of mandamus (Petition) filed by inmate Joseph Anthony Montgomery (Montgomery), *pro se*. Montgomery asks this Court to direct the Department to recalculate his prison sentence.[1] For the reasons expressed below, we overrule DOC's preliminary objections.

Montgomery is an inmate currently confined at the State Correctional Institution at Houtzdale (SCI-Houtzdale). On March 11, 2014, the Court of Common Pleas of Delaware County (sentencing court) sentenced Montgomery

---

[1] "Where a trial court's sentencing order is legal on its face, . . . a prisoner may petition this Court in our original jurisdiction seeking a writ of mandamus to compel [the Department] to properly compute a prisoner's prison sentence." *Barndt v. Dep't of Corr.*, 902 A.2d 589, 598 (Pa. Cmwlth. 2006); *Doxsey v. Cmwlth.*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996).

to 11 months, 15 days to 23 months, on indictment CP6885-13 (First Sentence). On April 29, 2011, the sentencing court sentenced Montgomery on two additional indictments: 1 to 2 years on indictment CP4510-13 (Second Sentence), and 3 to 23 months on indictment CP3968-13 (Third Sentence). Finally, on May 8, 2014, the sentencing court sentenced Montgomery to 30 to 72 months on CP6055-13 (Fourth Sentence).

Pertinent to our instant review of this matter, the sentencing form for the Third Sentence contained language that the parties now contest. The form provided that the Third Sentence should be served *concurrent* to the First Sentence, and *consecutive* to the Second Sentence. Based on the four sentencing forms, the Department calculated Montgomery's total sentence to be 4 years, 8 months, and 15 days to 11 years, 10 months. Montgomery challenged the Department's calculation, first with the Department and then with the sentencing judge. When the sentencing judge informed Montgomery that the correct avenue to challenge the Department's calculation was through a petition for review, Montgomery filed his Petition with this Court. Montgomery contests the aggregation of all his sentences because the trial court ordered the Third Sentence to be served concurrent to the First Sentence. Montgomery argues that his sentence, correctly calculated with the concurrent sentences, should be 4 years, 5 months, and 15 days to 9 years, 11 months.

In this case, the Department demurs to Montgomery's Petition based upon its assertion that Montgomery has not pleaded facts showing that he has a clear right to relief. Namely, the Department makes the following assertion for why Montgomery is not entitled to mandamus:

> Petitioner offers nothing more than his own unsupported allegations that his sentence has been improperly

2

calculated, while also failing to provide a clear, unsupported, logical calculation of his own.

(Prel. Obj. at 3, ¶13.)  The Department avers that it relied on the sentencing orders in its calculation, which it must faithfully implement as an executive branch agency.  (*Id.* at ¶¶14-15.)

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments.  *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994).  The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review.  *Id.*  We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner.  *Id.*  When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted.  *Clark v. Beard*, 918 A.2d 155, 158 (Pa. Cmwlth. 2007).  Moreover, we have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading."  *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

At this stage in the proceedings, we conclude that the Department has not demonstrated that Montgomery cannot succeed on his claim.  He is permitted, pursuant to *Doxsey v. Commonwealth*, 674 A.2d 1173 (Pa. Cmwlth. 1996), to seek mandamus to compel the Department to correctly calculate his sentence.  *Doxsey*, 674 A.2d at 1175.  Montgomery has, therefore, stated a claim for which relief may be granted.  We further note that the Department has provided no clarity as to how the Third Sentence was correctly applied, concurrent to the First Sentence and

consecutive to the Second Sentence.  While we make no final determination as to the merits of the Petition, at this point in the proceedings we must overrule the Department's preliminary objections.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph [Anthony] Montgomery,     :
               Petitioner   :
                               :
          v.                 :    No. 525 M.D. 2015
                               :

Pennsylvania Department of     :
Corrections, et al.,           :
             Respondent(s) :

# **O R D E R**

AND NOW, this 17th day of March, 2017, the preliminary objections filed by the Pennsylvania Department of Corrections (Department) are overruled. The Department is directed to file an answer on or before April 17, 2017.

_____
P. KEVIN BROBSON, Judge