IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Kulp,                           :
              Petitioner               :
                                       :
      v.                               :   No. 210 M.D. 2021
                                       :
PA. Dept of Corrections,               :
              Respondent               :   Submitted: June 17, 2022

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED:  July 27, 2022


Petitioner William Kulp (Kulp), an inmate currently incarcerated within our Commonwealth's prison system, has filed a Petition for Review for a Writ of Mandamus (Petition for Review) with this Court. Through his Petition for Review, Kulp seeks relief regarding what he contends is Respondent Pa. Dept of Corrections' (Department) failure to properly calculate the minimum and maximum dates for the carceral sentences that have been imposed upon him as a result of three separate criminal cases. In response, the Department has submitted preliminary objections, in which it demurs to Kulp's mandamus claim. Upon review, we sustain the Department's demurrer-based preliminary objection and dismiss Kulp's Petition for Review.

## I. Background

The relevant facts, as averred by Kulp in his Petition for Review and established through the documents attached thereto, as well as through the relevant

criminal dockets, are as follows.[1] On September 21, 2005, Kulp was found guilty in the Court of Common Pleas of Lehigh County (Lehigh County Court) of one count each of burglary, criminal conspiracy, criminal trespass, receiving stolen property, robbery, terroristic threats, and theft. *See* Pet. for Review ¶10, Ex. B. As a result, the Lehigh County Court imposed an aggregate sentence of 10 to 20 years upon him on November 7, 2005, with credit for 672 days spent in pre-sentence detention. Kulp was subsequently released on parole, but was eventually charged in mid-2018 in the Court of Common Pleas of Erie County (Erie County Court) with a single count of arson. Kulp then pled guilty to this charge on December 7, 2018. On April 8, 2019, while awaiting sentencing on his arson conviction, Kulp was charged in the Erie County Court with one count of aggravated harassment by a prisoner. On May 15, 2019, the Erie County Court sentenced Kulp to 27 to 54 months in state prison for his arson conviction, with 524 days of credit for the amount of time he was held in pre-sentence detention; however, the order memorializing this decision was silent regarding whether the May 2019 sentence was to run concurrently or consecutively with the November 2005 sentence. *See id.* ¶7, Exs. A & B. The Erie County Court then sent correspondence to unspecified parties on May 29, 2019, "clarifying" the terms of Kulp's sentence, after which Kulp sent a letter to the Erie County Court, which was received on August 7, 2019.[2] Subsequently, the Erie County Court issued

---

[1] We have filled in some of the informational gaps regarding Kulp's convictions by taking judicial notice of the particulars of his state-level criminal cases, as permitted by law. *See, e.g.*, Pa. R.E. 201(b)(2); *Doxsey v. Com.*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996). These cases can be found under docket numbers CP-39-CR-0001396-2004, CP-25-CR-0001681-2018, and CP-25-CR-0001783-2019.

[2] Neither Kulp's Petition for Review nor the relevant docket entries show what exactly was written in either of these missives. As such, this Court is without the ability at this juncture to divine the nature of the Erie County Court's clarification or of Kulp's reason for contacting the Erie County Court.

a modified sentencing order on August 13, 2019, through which it stated that Kulp's May 2019 sentence would run consecutively with his November 2005 sentence. On March 6, 2020, Kulp pled guilty to the aforementioned harassment charge and was sentenced by the Erie County Court to one to two years in state prison, to be served consecutively with both his November 2005 and May 2019 sentences. *Id.* ¶11, Exs. E & F.

The Department repeatedly used each of Kulp's sentencing orders over the years to set the time periods covered by the imposed sentences and ultimately concluded on March 19, 2020, that he was required to serve each of the three aforementioned sentences consecutively, with an aggregate maximum date on those sentences of January 31, 2029. *Id.* ¶¶8-11, Ex. E. Kulp took issue with the Department's determination and, on July 2, 2021, filed his Petition for Review with our Court. Therein, Kulp claimed that the Erie County Court had not, in fact, directed that his May 2019 sentence be served consecutively with any others and that, as a result, the Department had miscalculated the minimum and maximum dates for his outstanding sentences. *Id.* ¶¶7-14. Accordingly, Kulp sought a judicial declaration that the Department had acted in bad faith and violated his legal rights through these putatively incorrect calculations, as well as mandamus relief in the form of an order directing the Department to correct these alleged errors. *Id.*, Requested Relief.

On August 5, 2021, the Department filed its preliminary objections with this Court, followed by a supportive brief on October 1, 2021. Kulp did not file a responsive brief and, on December 29, 2021, this Court issued a *per curiam* order directing him to do so no later than January 31, 2022, and cautioning him that a failure to comply would result in this Court adjudicating the preliminary objections

3

without the benefit of any arguments he might desire to present. Ultimately, Kulp never filed such a brief in this matter.

## II. Discussion

As noted above, the Department demurs to Kulp's Petition for Review. It does so on two bases: first, that Kulp has not established that he has a clear right to the relief he seeks and, second, even if Kulp had such a clear right, the Department does not have a corresponding duty to provide him with that relief. Department's Br. at 9-11.

> In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421[, 423 n.3] (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.*

*Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1275 (Pa. Cmwlth. 2021) (quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)). "Preliminary objections in the nature of a demurrer should only be sustained if the law says with certainty that no recovery is possible." *Firearm Owners Against Crime v. City of Harrisburg*, 218 A.3d 497, 505 (Pa. Cmwlth. 2019), *aff'd sub nom. Firearm Owners Against Crime v. Papenfuse*, 261 A.3d 467 (Pa. 2021). Accordingly, "[a]ny doubt must be resolved in favor of the non-moving party." *Feliciano*, 250 A.3d at 1275 (quoting *Dantzler*, 218 A.3d at 522 n.3).

With regard to the legal claims Kulp makes in his Petition for Review, "[i]t is well settled that mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813,

4

815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "Mandamus will lie only to compel public officials to perform their duties in accordance with the law [when] those duties are ministerial in character and not discretionary." *Rakus v. Robinson*, 382 A.2d 770, 772 (Pa. Cmwlth. 1978) (citing *Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754 (Pa. 1968)).

"Because the sentence imposed by a trial court is a question of law that involves no discretion on the part of the Department, mandamus will lie to compel the Department to properly compute a prisoner's sentence." *Com., ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011). "The Department is an administrative agency charged with faithfully carrying[ ]out sentences imposed by the courts, and is without authority 'to adjudicate the legality of a sentence or to add or delete sentencing conditions.'" *Id.* (quoting *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005)). However, the Department cannot be compelled via mandamus to honor an illegal sentencing order. *See Fajohn v. Dep't of Corr.*, 692 A.2d 1067, 1067-68 (Pa. 1997); *Doxsey*, 674 A.2d at 1175. Furthermore, the Department can raise the legality of a sentence as a defense in a mandamus action and, in the event that an order contains ambiguous or potentially illegal sentencing directives, is permitted to request that the trial court provide clarification. *See Sturgis v. Doe*, 26 A.3d 1221, 1226 (Pa. Cmwlth. 2011). Where a trial court purports to clarify the terms of an imposed sentence, it must do so formally, through the issuance of a new order, and in a manner that complies with the jurisdictional constraints on its authority; informal clarifications, such as those explicated in written correspondence, have no legal effect and cannot guide the Department as to how it

should calculate or implement the underlying sentence. *See Powell*, 14 A.3d at 915-17.[3]

Turning to the matter currently before us, the Erie County Court took three steps that are relevant to determining whether we should sustain the Department's demurrer. First, it issued a sentencing order on May 15, 2019, in which it failed to state whether the sentence imposed upon Kulp for his arson conviction ran concurrently or consecutively with his November 2005 sentence. Pet. for Review ¶7, Exs. A & B. Second, it sent correspondence on May 29, 2019, in which it "clarified" the terms of Kulp's arson sentence. Third, it filed a modified sentencing order on August 13, 2019, in which it formally stated that Kulp's May 2019 sentence was to be served consecutively with his November 2005 sentence. As the Erie County Court's clarification letter had no legal import, *see Powell*, 14 A.3d at 915-17, there are two questions that remain. The first is whether the Erie County Court's August 2019 order lawfully established that Kulp was required to serve his arson sentence consecutively to his November 2005 sentence. If it did not, the issue is whether the May 2019 order's silence regarding the arson sentence's manner of service entitled Kulp to serve that sentence concurrently with his November 2005 sentence.

We need only address the first question in order to resolve this matter. As we have stated in the past,

---

[3] We also note that

> [w]here a trial court's sentencing order is illegal on its face, . . . [a] prisoner [may seek relief] in the form of a *nunc pro tunc* petition to the sentencing court, and if denied, through further appeal therefrom. . . . Where a trial court's sentencing order is legal on its face, . . . a prisoner may petition this Court in our original jurisdiction seeking a writ of mandamus to compel [the Department] to properly compute [their] prison sentence.

*Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 598 (Pa. Cmwlth. 2006) (citations omitted).

> [a] sentencing court . . . may modify a sentencing order only in limited circumstances. Section 5505 of the Judicial Code provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505. Generally, once the [30]-day period has passed, the trial court lacks jurisdiction to modify a sentencing order. *Com. v. Quinlan*, . . . 639 A.2d 1235, 1238 ([Pa. Super.] 1994).[4]

*Id.* at 917. However, "a [trial] court retains the power [even beyond this deadline] to correct obvious and patent mistakes" contained in a sentencing order. *Id.* at 917 n.5. Per Pennsylvania Rule of Criminal Procedure 705, "[w]hen more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively." Pa. R.Crim.P. 705(B). Given this language, which places a mandatory burden upon a trial court, it was an obvious mistake for the Erie County Court to fail to explicitly state in its May 2019 order whether Kulp's sentence for his arson conviction ran concurrently with or consecutive to his November 2005 sentence. *See Com. v. Moran*, 823 A.2d 923, 925 (Pa. Super. 2003). Therefore, the Erie County Court's August 2019 order validly clarified the terms of the sentence it had imposed upon Kulp through its May 2019 order and, consequently, the Department was obligated to treat the sentence Kulp received due to his arson conviction as running consecutively to his November 2005 sentence. As such, Kulp's claims are legally unviable, because he lacks a clear right

---

[4] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

to have these two sentences run concurrently and, in addition, the Department has no duty to compute those sentences in the manner sought by Kulp.

### III. Conclusion

Accordingly, we sustain the Department's demurrer and dismiss Kulp's Petition for Review.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Kulp,                       :
                    Petitioner     :
                                   :
    v.                             :   No. 210 M.D. 2021
                                   :
PA. Dept of Corrections,           :
                    Respondent     :


**O R D E R**


AND NOW, this 27th day of July, 2022, it is hereby ORDERED:

1.      Respondent PA. Dept of Corrections' demurrer to Petitioner William Kulp's Petition for Review for a Writ of Mandamus (Petition for Review) is SUSTAINED;

2.      The Petition for Review is DISMISSED.


_____
ELLEN CEISLER, Judge