IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Jamie Malave,          :
        Petitioner      :
                          :
      v.               :  No. 400 M.D. 2021
                          :  Submitted: December 9, 2022
Pennsylvania Department of    :
Corrections,              :
        Respondent   :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT            FILED:  March 7, 2023


James Jamie Malave, an inmate currently incarcerated at State Correctional Institution Camp Hill (SCI – Camp Hill), filed a petition for review in the nature of an action in mandamus. In the petition, Malave challenges the Pennsylvania Department of Corrections' (Department) calculation of his current sentence of incarceration, alleging that the Department failed to give him credit for the 1,459 days he was detained awaiting trial on the underlying criminal charges and extradition. In response, the Department filed a preliminary objection in the nature of a demurrer seeking the petition's dismissal. For the reasons that follow, we sustain the Department's preliminary objection.

In his petition for review, Malave seeks credit towards his state prison sentence for the one year he was detained in Lancaster County prison while awaiting trial and sentencing on new criminal charges. Presently, he is serving that sentence at SCI – Camp Hill. Malave also seeks credit towards his state prison sentence for

the three and one-half years that he was detained at the New York Department of Corrections' Rikers Island Facility, which he alleges was "due to the fact that Lancaster County initiated [a] detainer warrant." Petition for Review at 4. In other words, he was detained at the Rikers Island Facility pending extradition to Pennsylvania because of the criminal charges from Lancaster County. Malave requests this Court to issue a writ compelling the Department to give him credit towards his current sentence of incarceration for the 4½ years, or 1,459 days, he was detained in New York and Lancaster County.

In response to Malave's petition, the Department filed a preliminary objection asserting that Malave's petition fails to state a clear right to relief in mandamus. The Department contends that its sole duty is to follow the sentencing court's order. The sentencing order, attached as Exhibit A to the Department's preliminary objection, states that Malave's current sentence is to be served "[c]onsecutive to New York sentence, completed on 3/28/2018[,]" and Malave is not entitled to "double credit." Preliminary Objection, ¶¶20-22, Exhibit A.

"In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible from the allegations." *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). We can consider not only the facts pled in the complaint but also documents or exhibits attached to it. *Id.* (citing *Philmar Mid–Atlantic, Inc. v. York Street Assocs. II*, 566 A.2d 1253, 1254 (Pa. Super. 1989) ("[I]n the context of a demurrer ... it is not necessary to accept as true averments in the complaint which are in conflict with exhibits attached to the complaint.")). "A demurrer must be sustained where it is clear and free from doubt the law will not permit recovery under

2

the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer." *Lawrence*, 941 A.2d at 71-72.

A writ of mandamus is an extraordinary common law remedy, which will only be granted to compel the performance of a ministerial act or mandatory duty. *Id.* at 72. "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Id.* (citations omitted). "This Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy." *Id.* "A writ of mandamus will lie to compel [the Department] to properly compute an inmate's prison sentence." *Id.* However, the appropriate remedy for an inmate asserting that the sentencing court did not give him full credit for time served is in the trial court and through the direct appeal process. *McCray v. Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005). With this background, we address the Department's preliminary objection.[1]

Malave seeks to compel the Department to credit his current state sentence with the 1,459 days that he was detained in Lancaster County prison on new criminal charges and at New York State's Rikers Island Facility awaiting extradition to Pennsylvania. Malave alleges that giving him this credit "will reflect the initial intent of the original sentencing order." Petition for Review at 6-7.

Section 9760(1) of the Sentencing Code provides:

---

[1] Because Malave did not file a brief in opposition to the Department's preliminary objection, this Court proceeded without his brief in accordance with our July 18, 2022, order.

After reviewing the information submitted under section 9739 (relating to reporting of outstanding charges and sentences) the court shall give credit as follows:

(1)     Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. §9760(1). In short, a defendant must be given credit for any days spent in custody before imposition of his sentence, but only if such commitment is attributable to the offense for which the sentence was imposed. *Commonwealth v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013). Section 9760 of the Sentencing Code "does not contemplate credit for time served to be awarded twice." *Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006).

The Department asserts that it cannot be compelled to credit Malave's sentence for 1,459 days because the sentencing order does not give Malave credit for this time. This Court may take judicial notice of official court records and public documents at the preliminary objection stage. *See, e.g.*, Pa.R.E. 201(b)(2); *see also Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996) (taking judicial notice of copies of official criminal court records, which respondent had attached to its preliminary objection); *Williams v. Department of Corrections* (Pa. Cmwlth., No. 448 M.D. 2013, filed February 17, 2016), slip op. at 6 n.11 (noting that although the inmate did not append trial court's judgment of sentence to his petition for review, this Court would take judicial notice of it from the docket entries of his direct appeal

4

to Superior Court).[2] Here, the sentencing order establishes that, on February 9, 2012, Malave pled guilty to murder of the third degree and was sentenced to 10 to 20 years imprisonment. The sentencing court ordered Malave to serve his new sentence consecutive to the New York sentence. Department Preliminary Objection, Exhibit A. Under "credit for time served," the order states "this docket only [-] no double credit." *Id.*

Although Malave asserts that he is entitled to 1,459 days of credit, he does not allege that the sentencing court awarded him any credit for these days, and the sentencing order itself does not support this credit. The Department must follow the sentencing court's order, which did not order a credit for the 1,459 days, and the Department cannot award it. *Oakman v. Department of Corrections*, 903 A.2d 106, 109 (Pa. Cmwlth. 2006).

In reality, Malave is asking this Court to order the Department to modify his sentence. The Department does not have the authority to modify an inmate's sentence, and this Court will not compel an illegal act. Mandamus is not available to compel the Department to grant credit for time served that was not awarded by the trial court and, thus, the petition fails to state a claim upon which relief can be granted.

To the extent that Malave believes that the sentencing court erred in not giving him credit for time served, Malave's remedy lies with the sentencing court. *McCray*, 872 A.2d at 1133. The existence of this alternate remedy also precludes a writ of mandamus.

---

[2] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

For the above stated reasons, the preliminary objection is granted and the petition for review is dismissed.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Jamie Malave, : 
        Petitioner : 
         : 
        v. :  No. 400 M.D. 2021
         : 
Pennsylvania Department of : 
Corrections, : 
        Respondent : 

**ORDER**

AND NOW, this 7th day of March, 2023, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections is SUSTAINED, and the petition for review is DISMISSED.


_____
MARY HANNAH LEAVITT, President Judge Emerita