J-S27009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DASHAAN REGINALD SMITH | : | |
| | : | |
| Appellant | : | No. 145 MDA 2023 |

Appeal from the PCRA Order Entered January 16, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000642-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 18, 2023**

Appellant, Dashaan Reginald Smith, appeals from the post-conviction court's January 16, 2023 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court briefly summarized the pertinent facts and procedural history of this case, as follows:

> [Appellant] appeared before this [c]ourt and entered a negotiated guilty plea for one count of Aggravated Harassment by Prisoner[1] on June 10, 2022.  A second count of Disorderly Conduct was dismissed.  He was sentenced to 27 … to 60 months in a state correctional institution to be served concurrent to Schuylkill County case No. 655-2019 and Philadelphia Case Nos. 3773-2014, 8433-2014 and 11428-2015.  At the June 10, 2022 guilty plea hearing, the [c]ourt thoroughly colloquied [Appellant] on the written Memorandum of Plea Agreement which he reviewed, signed, and understood.  The signed agreement made no mention of credit [for] time [served].  The [c]ourt also read [Appellant] his appellate rights, which [Appellant] acknowledged he understood.

A sentencing order memorializing the plea agreement was filed the same day. The [o]rder made no mention of credit time and [Appellant] filed neither a Motion for Reconsideration nor a Direct Appeal within the appropriate timeframe.

    [1] 18 Pa.C.S. § 2703.1.

PCRA Court Opinion (PCO), 1/16/23, at 1-2.

On September 29, 2022, Appellant filed a *pro se* document entitled, "Motion for Review *Nunc Pro Tunc*," which the court properly treated as a PCRA petition. The court appointed counsel, who filed an amended petition on November 3, 2022. Therein, Appellant argued that his trial counsel had acted ineffectively by improperly advising Appellant that in exchange for pleading guilty, he would not only receive a sentence that would run concurrently with his Schuylkill and Philadelphia County cases, but that Appellant would also receive credit for time served "back to the date of the incident." Amended PCRA Petition, 11/3/22, at 2 (unnumbered).

The court conducted a PCRA hearing, at which the following testimony was presented:

> [Appellant] testified … that while he knew his cases were being run concurrently at the time of the plea, he believed that he would have received time credit from either the date of the incident or the time bail was set and unable to be posted on this case in March of 2021[,] instead of starting his time only from the date he was sentenced. He testified that his plea counsel, … Adam Weaver, [Esq.,] failed to inform him of this[,] and had he known his minimum date would move, he would not have pled guilty to this case. [Appellant] was serving a state sentence at the time of the incident[,] and [at] the time bail was set and not posted. Although the subject sentence was to run concurrent to the state sentence he was serving, because there was no credit, his minimum sentence would automatically extend to September 10, 2024.

Attorney Adam Weaver also testified. He has been an attorney for approximately 14 years and has practiced criminal law for several years. He testified he is very familiar with time[-]credit matters concerning inmates and estimated this issue has been before him approximately 500 times. He has also represented clients on PCRA petitions with time credit issues.

Attorney Weaver testified that he represented [Appellant] in two Schuylkill County cases, one of which went to trial and returned a split verdict[,] which was currently pending on appeal. He said the original offer in this particular case was 3-8 years[' imprisonment,] consecutive to his other Schuylkill County case and his Philadelphia County cases. Mental health evaluations were obtained and took some time, but at the last minute, he was able to negotiate a concurrent plea offer. Attorney Weaver testified that [Appellant] did not receive any credit on this case because, while he had not been able to post bail [in this case], he had been serving time on his other two cases. He testified that he explained the concurrent nature to [Appellant,] and that the time would not begin until the date he was sentenced. Attorney Weaver felt that [Appellant] understood this, referencing the 2019 and 2021 competency exams he had conducted[,] and [he] felt confident [Appellant] understood the credit explanation. He recalled discussing credit time while [Appellant] was in a holding cell during jury selection.

PCO at 2-3.

Based on the testimony offered at the PCRA hearing, the court rejected

Appellant's ineffectiveness claim, explaining as follows:

[Appellant] alleges ineffective assistance of plea counsel. A criminal defendant has a right to effective counsel during the plea process. *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. … 2002). A claim of ineffective assistance of counsel will be granted only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Id.* Where the plea is entered on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* [(quoting *Hill v. Lockhart*, 474 U.S. 52, 56 … (1985)[)].

First, [Appellant] alleges that plea counsel was ineffective for failing to properly explain the meaning and effect of a concurrent

sentence. However, Attorney Weaver was clear and credible in his testimony that he spent some time discussing the implications of a concurrent sentence and that [Appellant] would not receive credit time. The plea agreement itself is also devoid of any mention of credit time.

Argument was also presented that credit should be given from the date of the incident to the date of sentencing, as [Appellant] was unable to post bail during that time. However, he was already serving two separate state prison sentences when the incident occurred[,] and has been incarcerated the entire time. Under Pa.R.Crim.P. 705(B), "when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the offense shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge." Furthermore, while the rule has slightly changed in more recent years, the Commonwealth Court has been clear that under the previous version of this rule, "a sentencing judge cannot direct that a sentence commence on a date prior to the date of sentencing when the defendant is serving time on an unrelated charge." ***Doxsey v. Commonwealth of Pennsylvania, et al.***, 674 A.2d 1173, 1175 (Pa. [Cmwlth.] 1996).[1] Even if the [c]ourt had the discretion to provide credit time for [Appellant's] pre-sentence incarceration, it was not [i]n the plea agreement and not addressed at the time of sentencing. Considering the last[-]minute nature of the plea offer changing from consecutive to concurrent, it's questionable whether this would have even been agreeable to the Commonwealth.

***Id.*** at 3-4. Accordingly, the PCRA court issued an order denying Appellant's petition.

---

[1] Decisions of the Commonwealth Court are not binding upon this Court, but may serve as persuasive authority. ***See*** Pa.R.A.P. 126(b)(1)-(2) (unreported memorandum opinions of the Commonwealth Court filed after January 15, 2008, may be cited as persuasive authority); ***Commonwealth v. Bowers***, 185 A.3d 358, 362 n.4 (Pa. Super. 2018) (stating that Commonwealth Court decisions are not binding on this Court but may be used as persuasive authority).

Appellant filed a timely notice of appeal, and he timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued a Rule 1925(a) opinion on March 2, 2023, stating that it was relying on the rationale set forth in its January 16, 2023 opinion accompanying its order denying Appellant's petition. Herein, Appellant states one issue for our review: "Whether [Appellant] should be awarded time credit for days he spent in jail without bail[,] especially since his sentence was to run concurrent with another sentence?" Appellant's Brief at 4.

Preliminarily, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

Here, Appellant's entire argument on appeal consists of the following paragraph:

A defendant must be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. **Com[monwealth] v. Infante**, 63 A.3d 358[ (Pa.] Super.[]2013[)]. While [Appellant] was in custody for a prior offense, he was also being held on bail. There is no case law or statute which precludes him from also earning time credit on a new case while serving a prior sentence when bail is imposed. He certainly was being confined on the offense for which the new sentence was imposed. It would appear that the jurisdiction that

- 5 -

set bail was at least preserving that option for consideration. Unfortunately, it was not considered[,] as his attorney testified at the PCRA hearing that he was not aware that bail had been set for his client. In fact, he was shocked to find out his client did have bail on this case. (N.T.[,] 12/16/22, [at] 15…). It is unknown if the District Attorney knew that bail had been set. Because the parties agreed on a concurrent sentence[,] and because [Appellant] was being held on bail for the case at hand, the days he spent in jail with bail set on this case should be credited to this sentence as well.

Appellant's Brief at 8-9.

Initially, Appellant clearly omits any discussion of the only claim he raised before the PCRA court, which was that his plea counsel acted ineffectively by not advising him that he would not receive credit for time served from the date of his instant offense. Thus, he has waived any claim that the court erred in denying this ineffectiveness claim.

We also observe that Appellant could have raised his time-credit argument before the sentencing court, or on direct appeal, yet he failed to do so. Nevertheless, we will address Appellant's argument that he is entitled to credit for time served in this case, as "[a] claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citing *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009)). "[A] challenge to the legality of sentence cannot be waived." *Commonwealth v. Dickson*, 918 A.2d 95, 99 (Pa. 2007) (citations omitted).

Appellant seems to contend that he is entitled to credit for time he served from the point that bail was set in this case, as he could not post that

bail and, therefore, he "certainly was being confined on the offense for which the new sentence was imposed." Appellant's Brief at 8. However, Appellant does not refute that at that same time, he was also confined on — and receiving credit for — his unrelated charges in Schuylkill and Philadelphia Counties. As the PCRA court pointed out, Rule 708(B) directs that a sentence imposed to run concurrently with another sentence "shall commence from the date of imposition unless otherwise ordered by the judge." Pa.R.Crim.P. 708(B). Moreover, the *Doxsey* Court persuasively declared that "a sentencing judge cannot direct that a sentence commence on a date prior to the date of sentencing when the defendant is serving time on an unrelated charge." *Doxsey*, 674 A.2d at 1175. Thus, Appellant has failed to convince us that he is entitled to double credit for the time served between his failure to post bail and his sentencing in this case. Accordingly, we discern no error in the PCRA court's denial of his petition for post-conviction relief.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/18/2023

- 7 -