# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Urve Maggitti, Relator,      :
             Petitioner      :
     :   No. 267 M.D. 2023
     v.      :
     :   Submitted: August 8, 2025
Hon. Martin G. Goch, in his official      :
capacity as Judge; Hon. Marc J.      :
Lieberman, in his official capacity as      :
Judge; Hon. William P. Mahon, in his      :
official capacity as Judge; Hon. John      :
Hall, in his official capacity as Judge;      :
Daniel E. Roland, Assistant District      :
Attorney, in his official capacity as DA; :
and Deb Ryan, District Attorney, in her :
official capacity as DA,      :
             Respondents      :

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**                               **FILED: March 17, 2026**

Urve Maggitti, Relator (Maggitti), has filed a petition for review (PFR) in our original jurisdiction against Hon. Martin G. Goch, in his official capacity as Judge; Hon. Marc J. Lieberman, in his official capacity as Judge; Hon. William P. Mahon, in his official capacity as Judge; and Hon. John Hall, in his official capacity as Judge (collectively Judicial Respondents), as well as against Daniel E. Roland, Assistant District Attorney, in his official capacity as DA; and Deb Ryan, District Attorney, in her official capacity as DA (collectively DA Respondents). Through

this action, Maggitti seeks a declaratory judgment[1] regarding a litany of legal questions related to criminal charges filed against her in Chester County. DA Respondents and Judicial Respondents have each filed preliminary objections, through which they request dismissal of Maggitti's PFR. Upon review, we sustain the preliminary objections and dismiss Maggitti's PFR with prejudice.

## I. BACKGROUND[2]

On February 1, 2023, a criminal complaint was filed against Maggitti, through which she was charged with one count of Unlawful Use of An Audio or Video Device in Court.[3] On February 6, 2023, Magisterial District Court (MDC) Judge Mark J. Lieberman issued a preliminary hearing notice but then recused

---

[1]    A declaratory judgment declares the rights, status, and other legal relations "whether or not further relief is or could be claimed." 42 Pa. C.S. § 7532.[] It has been observed that "[d]eclaratory judgments are nothing more than judicial searchlights, switched on at the behest of a litigant to illuminate an existing legal right, status or other relation." *Doe v. Johns-Manville Corp*[.], . . . 471 A.2d 1252, 1254 ([Pa. Super.] 1984). Stated otherwise, "[t]he purpose of awarding declaratory relief is to finally settle and make certain the rights or legal status of parties." *Geisinger Clinic v. Di Cuccio*, . . . 606 A.2d 509, 519 ([Pa. Super.] 1992)[.]

   A declaratory judgment, unlike an injunction, does not order a party to act. This is so because "the distinctive characteristic of the declaratory judgment is that the declaration stands by itself; that is to say, no executory process follows as of course." [*Pet.*] *of Kariher*, . . . 131 A. 265, 268 ([Pa.] 1925).

*Eagleview Corp. Ctr. Ass'n v. Citadel Fed. Credit Union*, 150 A.3d 1024, 1029-30 (Pa. Cmwlth. 2016) (footnote omitted).

[2] We draw the bulk of this section's substance from Maggitti's PFR. *See generally* PFR, 6/9/23. In addition, we have filled in some of this matter's informational gaps by taking judicial notice of the particulars of Maggitti's state-level criminal case, as permitted by law. *See, e.g.*, Pa. R.E. 201(b)(2); *Doxsey v. Com.*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996). This case can be found under docket number CP-15-CR-0001735-2023, as well as under docket numbers MJ-15101-CR-0000022-2023 and MJ-15203-CR-0000047-2023.

[3] 18 Pa.C.S. § 5103.1(a).

himself on February 28, 2023. The matter was then transferred to MDC Judge Martin G. Goch on March 1, 2023, who scheduled a preliminary hearing for March 29, 2023. On March 23, 2023, Maggitti filed an "Emergency Petition for Writ of Certiorari or Interlocutory Order" in the Court of Common Pleas of Chester County (Common Pleas), which was denied by Judge William P. Mahon on March 24, 2023. Judge Goch held the preliminary hearing on May 24, 2023, after further delays caused by Maggitti's additional efforts to have her criminal case stayed.

On June 9, 2023, Maggitti filed her PFR in our Court. Therein, Maggitti asserted that the criminal charge filed against her in Chester County was constitutionally and statutorily unviable. *See* PFR, ¶¶29-58. In addition, Maggitti requested that we issue a declaratory judgment against DA Respondents and Judicial Respondents that would articulate, *inter alia*, the scope of her rights with regard to the handling of her criminal case and the proper interpretation of numerous statutes and constitutional provisions. Maggitti also contemporaneously filed an application for emergency relief, through which she sought to have her criminal case stayed by our Court, which we denied on June 14, 2023. DA Respondents and Judicial Respondents subsequently filed the aforementioned preliminary objections.

On April 24, 2024, a Chester County jury found Maggitti guilty of one count of Unlawful Use of An Audio or Video Device in Court, after which Common Pleas sentenced Maggitti to one year of probation on July 18, 2024. Maggitti appealed that judgment of sentence to the Superior Court, which dismissed the appeal on the basis that Maggitti's appellate brief was substantially deficient. *See Com. v. Maggitti* (Pa. Super. No. 2859 EDA 2024, filed Sept. 16, 2025), slip op. at 1-2, 2025 WL 2652672, at *1. Maggitti then filed a petition for allowance of appeal

with the Supreme Court of Pennsylvania on October 16, 2025, which remains pending. *See Com. v. Maggitti* (Pa. No. 576 MAL 2025).

## II. DISCUSSION

We summarize Respondents' preliminary objections as follows.[4] DA Respondents demur to the PFR on two bases: first, they assert that we lack jurisdiction over this action, because it is nothing more than a collateral attack upon Maggitti's criminal proceeding; second, they maintain that the PFR amounts to little more than a motion for reconsideration of our dismissal of Maggitti's emergency stay application that was filed contemporaneously with the PFR in this matter. *See* DA Resp'ts' Br. at 4-10. As for Judicial Respondents, they also demur on two bases: first, like DA Respondents, they contend that we lack jurisdiction because the PFR constitutes an impermissible collateral attack upon Maggitti's criminal proceeding; second, they claim that Maggitti has failed to plead a facially viable declaratory

---

[4]    In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (cleaned up). "In addition, courts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007).

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres*, 997 A.2d at 1245.

judgment claim, because she may seek adequate relief through her criminal case regarding the issues raised in this matter, as well as because she has not offered averments that reflect an antagonistic dispute between her and Judicial Respondents. *See* Judicial Resp'ts' Br. at 5-10.

We need only address Respondents' jurisdictional preliminary objections in order to dispose of this matter. It is well settled that "[a petitioner] may not use a civil action for declaratory judgment in our original jurisdiction to collaterally attack the legality of . . . criminal proceedings [that have been commenced against them] in [the Court of] Common Pleas." *Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011). Maggitti's PFR is therefore clearly impermissible, as the averments therein unmistakably challenge the legality of her arrest, as well as the subsequent handling of her criminal case. *See* PFR, ¶¶1-58. Accordingly, we sustain Respondents' preliminary objections to our jurisdiction over this matter.

### III. CONCLUSION

In accordance with the foregoing analysis, we dismiss Maggitti's PFR with prejudice.

President Judge Cohn Jubelirer did not participate in this decision.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Urve Maggitti, Relator,          :
           Petitioner     :
                          :   No. 267 M.D. 2023
           v.          :
                          :
Hon. Martin G. Goch, in his official  :
capacity as Judge; Hon. Marc J.    :
Lieberman, in his official capacity as :
Judge; Hon. William P. Mahon, in his :
official capacity as Judge; Hon. John  :
Hall, in his official capacity as Judge; :
Daniel E. Roland, Assistant District  :
Attorney, in his official capacity as DA; :
and Deb Ryan, District Attorney, in her :
official capacity as DA,           :
           Respondents  :

**PER CURIAM**

## O R D E R

AND NOW, this 17th day of March, 2026, it is hereby ORDERED:

1. The preliminary objection to our jurisdiction in this matter by Hon. Martin G. Goch, in his official capacity as Judge; Hon. Marc J. Lieberman, in his official capacity as Judge; Hon. William P. Mahon, in his official capacity as Judge; and Hon. John Hall, in his official capacity as Judge is SUSTAINED;

2. The preliminary objection to our jurisdiction in this matter by Daniel E. Roland, Assistant District Attorney, in his official capacity as DA; and Deb Ryan, District Attorney, in her official capacity as DA is SUSTAINED;

3. Urve Maggitti, Relator's Petition for Review is DISMISSED WITH PREJUDICE.